**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RICHARD WALTERS | : | |
| | : | |
| Appellant | : | No. 2844 EDA 2017 |

Appeal from the PCRA Order August 28, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001282-2012

BEFORE:   GANTMAN, P.J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY OLSON, J.:                          **FILED SEPTEMBER 06, 2018**

Appellant, Richard Walters, appeals from the order entered on August 28, 2017, dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we reverse the order of the PCRA court, vacate Appellant's judgment of sentence, and remand for resentencing without consideration of a mandatory minimum sentence.

The PCRA court summarized the facts and procedural history of this case as follows:

> On March 24, 2011, undercover police officers were conducting surveillance at 7100 Torresdale Avenue in Philadelphia[, Pennsylvania].  At 3:10 p.m., they saw a woman engage in a brief conversation on her cell[ular] phone.  Shortly after the phone call ended, Appellant pulled up to the woman in a green Audi[.]  The woman got inside the car and gave Appellant money in exchange for a small object.  Officers removed Appellant and the female from the vehicle.  Officers recovered a clear plastic bag containing about 3.3 grams of cocaine from the female.  Officers recovered $176[.00], and a cell[ular] phone from Appellant.

_____

* Former Justice specially assigned to the Superior Court.

> After a bench trial on November 11, 2012, [the trial] court found Appellant guilty of possession of a controlled substance with intent to deliver and simple possession. On May 6, 2013, Appellant was sentenced to a mandatory term of three to six years of imprisonment, pursuant to 18 Pa.C.S.A. § 7508. On May 17, 2013, [the trial] court granted Appellant's motion for modification of sentence and made him [] eligible [for parole under the Recidivism Risk Reduction Incentive (RRRI) program] after 27 months. No direct appeal was filed.
>
> On April 21, 2014, Appellant filed a PCRA petition *pro se*. Counsel was appointed, and [counsel] filed an amended [PCRA] petition on January 7, 2017. The Commonwealth filed a letter brief in response on July 1, 2017. Determining that the petition was meritless, the [trial] court sent out a notice of its intent to dismiss pursuant to Pa.R.Crim.P. 907 on July 21, 2017, and dismissed the petition without a hearing on August 28, 2017.
>
> Appellant filed a notice of [a]ppeal on September 6, 2017. On September 7, 2017, [the trial] court directed Appellant to file a concise statement of [errors] complained of on appeal pursuant to Pa.R.A.P. 1925(b), which [the trial] court received on September 28, 2017. [The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on October 18, 2017.]

PCRA Court Opinion, 10/18/2017, at 1-2.

Relevant to this appeal, we provide some additional factual and procedural history. In his amended PCRA petition, Appellant claimed that he "was subject to a mandatory sentencing statute which has been determined to be unconstitutional" and, therefore, his "mandatory sentence was an illegal sentence." Amended PCRA Petition, 1/17/2017, at ¶¶ 7(1) and 7(3). Appellant further claimed that, "counsel was ineffective for failing to raise the issue of the illegal sentence at trial or on direct appeal." *Id.* at ¶ 7(2). In support of his positions, Appellant relied upon the United States Supreme Court decision in *Alleyne v. United States*, 570 U.S. 1 (2013) and its

- 2 -

Pennsylvania progeny. **See** Brief in Support of Amended PCRA petition, 1/17/2017, at *1-4 (unpaginated).

In rejecting Appellant's claims, the PCRA court first recognized that "a defendant could [] raise an **Alleyne** challenge in a timely PCRA petition so long as his direct appeal from the judgment of sentence was still pending when **Alleyne** was decided." PCRA Court Opinion, 10/18/2017, at 3, *citing* **Commonwealth v. Ruiz**, 131 A.3d 54 (Pa. Super. 2015). However, the PCRA court determined that Appellant's judgment of sentence became final one day prior to the **Alleyne** decision. As a result, pursuant to our Supreme Court's decision in **Commonwealth v. Washington**, 142 A.2d 810 (Pa. 2016), the PCRA court determined that Appellant was not entitled to retroactive relief. **Id.** at 3-4. Furthermore, the PCRA court concluded that trial counsel could not be ineffective for failing to anticipate a change in the law. **Id.** at 5. Accordingly, the PCRA court denied Appellant relief.

On appeal, Appellant presents the following issue for our review:

1. Was counsel ineffective for failing to raise the issue of [] Appellant[] being subjected to an illegal mandatory minimum sentence?

Appellant's Brief at 9.

"We must determine whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Johnson**, 179 A.3d 1153, 1156 (Pa. Super. 2018). "We view the record in the light most favorable to the prevailing party in the PCRA court." **Commonwealth v. Staton**, 184 A.3d 949, 954 (Pa. 2018) (internal citation omitted). "We are

bound by any credibility determinations made by the PCRA court where they are supported by the record." *Id.* "However, we review the PCRA court's legal conclusions *de novo.*" *Id.*

"[T]he [United States] Supreme Court rendered the *Alleyne* decision on June 17, 2013, and held that sentencing schemes which predicated the imposition of a mandatory minimum sentence on a fact found by the sentencing court, by a preponderance of the evidence, were unconstitutional." *Commonwealth v. DiMatteo*, 177 A.3d 182, 185 (Pa. 2018). In this case, upon a preponderance of the evidence introduced at sentencing, the trial court imposed a mandatory minimum sentence pursuant to 18 Pa.C.S.A. § 7508, based upon the weight of the recovered narcotics. "It is uncontested that Section 7508 is an unconstitutional and illegal sentencing statute in light of *Alleyne* and its Pennsylvania progeny." *Id.* at 191 (citations omitted). Further, the *DiMatteo* Court determined that "one serving an illegal sentence [is entitled to collateral] relief when such relief is sought in a timely PCRA petition and the judgment of sentence was not final when *Alleyne* was announced." *Id.*; *see also Commonwealth v. Ruiz*, 131 A.3d 54, 60 (Pa. Super. 2015) (appellant entitled to PCRA relief on his illegal sentencing claim when his judgment of sentence was still pending on direct review when *Alleyne* was decided).

In this case, there is no dispute that Appellant filed a timely, *pro se* PCRA petition. Thereafter, in his amended PCRA petition, Appellant claimed that he "was subject to a mandatory sentencing statute which has been

determined to be unconstitutional" and, therefore, his "mandatory sentence was an illegal sentence." Amended PCRA Petition, 1/17/2017, at ¶¶ 7(1) and 7(3).

The PCRA court, however, determined that Appellant was not eligible for relief because *Alleyne* was decided after Appellant's judgment of sentence became final. For the reasons that follow, however, we conclude that the PCRA court erred in computing the finality of Appellant's judgment of sentence. In this case, the trial court originally sentenced Appellant on May 6, 2013. The trial court, however, granted Appellant post-sentence relief and resentenced him on May 17, 2013. "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Here, Appellant did not appeal from the resentencing order and, thus, his judgment of sentence became final at the expiration of the time to seek review or 30 days after imposition of his amended sentence. *See* Pa.R.A.P. 903(a) ("notice of appeal [] shall be filed within 30 days after the entry of the order from which the appeal is taken"). Hence, Appellant's judgment of sentence became final on Sunday, June 16, 2013. However, because the final day for filing an appeal fell on a Sunday, Appellant had until the following day, or until Monday, June 17, 2013, to perfect his direct appeal. *See* 1 Pa.C.S.A. § 1908 ("Whenever the last day of any [statutorily defined] period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this

- 5 -

Commonwealth or of the United States, such day shall be omitted from the computation."). As such, the PCRA court erred when it determined that Appellant's judgment of sentence became final on June 16, 2013, rather than on June 17, 2013. Because **Alleyne** was decided on June 17, 2013, Appellant had a viable illegal sentencing claim before his judgment of sentence became final. As such, we conclude the PCRA court erred in computing the finality of Appellant's judgment of sentence and further erred in concluding that Appellant was not eligible for relief because his judgment of sentence became final before **Alleyne** was issued. Accordingly, pursuant to **Ruiz** and **DiMatteo**, Appellant is entitled to relief.[1]

Order reversed. Judgment of sentence vacated. Case remanded for resentencing consistent with this memorandum. Jurisdiction relinquished.

President Judge Gantman joins the memorandum.

President Judge Emeritus Stevens files a concurring statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/6/18

---

[1] Because Appellant is entitled to relief, we need not reach his alternative contention that trial counsel was ineffective for failing to raise an illegal sentencing claim.