J-S50011-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JARED A. MOORE | : | |
| | : | |
| Appellant | : | No. 1670 WDA 2017 |

Appeal from the PCRA Order November 1, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0018117-2003

BEFORE:  BOWES, J., OTT, J., and KUNSELMAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED SEPTEMBER 11, 2018**

Jared A. Moore appeals from the November 1, 2017 order[1] that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

In 2008, following convictions for murder and other crimes, Appellant was sentenced to, *inter alia*, life imprisonment without possibility of parole. This Court denied Appellant relief on direct appeal, and his judgment of sentence became final in 2010 after our Supreme Court denied his petition for allowance of appeal.  ***Commonwealth v. Moore***, 990 A.2d 49 (Pa.Super.

_____

[1] The order is dated October 26, 2017, was filed on October 30, 2017, and was served on Appellant on November 1, 2017.  Accordingly, the date of entry of the order for purposes of this appeal is November 1, 2017.  ***See*** Pa.R.A.P. 108(a), (d)(1).

2009) (unpublished memorandum), *appeal denied*, 992 A.2d 124 (Pa. 2010). Appellant's first three PCRA petitions resulted in no relief.

Appellant filed the petition that is the subject of the instant appeal on October 18, 2016, and a supplement on May 25, 2017. Therein, he claimed that he is entitled to relief in the form of a new trial because the Commonwealth concealed information about a plea agreement it had with Randall Stoddard, a witness who testified against Appellant at trial. PCRA Petition, 10/18/16, at 6, 12.

On August 31, 2017, the PCRA court issued notice of its intent to dismiss the petition without a hearing as untimely, to which Appellant responded in the form of an amended petition. The PCRA court dismissed Appellant's petition by order filed on October 30, 2017. The PCRA court did not order Appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and none was filed. The PCRA court referred this Court to its notice of intent to dismiss for the reasoning behind its decision.

On appeal, Appellant claims that the PCRA court erred in dismissing his petition because he satisfied two of the PCRA's timeliness exceptions. Appellant's Brief at 2. He also raises a number of substantive issues. *Id*.

Before we may address Appellant's substantive arguments, we must determine whether his PCRA petition was timely filed, as the timeliness of a post-conviction petition is jurisdictional. *See*, *e.g.*, *Commonwealth v. Lewis*, 63 A.3d 1274, 1280-81 (Pa.Super. 2013) (quoting *Commonwealth*

*v. Chester*, 895 A.2d 520, 522 (Pa. 2006)) ("[I]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.").

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, and that the claim was raised within 60 days of the date on which it became available. 42 Pa.C.S. § 9545(b).

Appellant acknowledges that the instant petition is facially untimely. Appellant's brief at 4. However, Appellant argues that his petition satisfied the timeliness set forth in 42 Pa.C.S. § 9545(b)(1)(i) and (ii).[2] *Id*.; Amended PCRA Petition, 10/17/17, at 4-8. Specifically, he contends that the

_____

[2] Those exceptions apply if the petitioner raises within sixty days of the date the claim could have been presented, and proves:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States; [or]

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]

42 Pa.C.S. § 9545(b).

- 3 -

government interfered with his ability to present the claim previously by withholding evidence of Stoddard's lenient plea deal, in violation of ***Brady v. Maryland***, 373 U.S. 83 (1963). Appellant's brief at 6-7. Appellant also suggests that he was unaware of the sentence Stoddard received "until SCI Greene legal aide Albert T. Greeley asked his mother to go on to the internet and print Mr. Stoddard's criminal docket that Appellant discovered Mr. Stoddard's criminal case number, guilty plea/sentence." ***Id***. at 21 (unnecessary capitalization omitted). He contends that only thereafter did he discover additional documents to support his claim through the Right to Know Law. ***Id***.

In its notice of intent to dismiss, the PCRA court noted that "the evidence that [Appellant] cites to support this claim is the public docket sheet. Stoddard's plea (which allegedly was in exchange for his testimony against [Appellant]) occurred on January 26, 2005. [Appellant] claims he discovered the plea on August 11, 2016." Notice of Intent to Dismiss, 9/5/17, at 4. "Since Stoddard's plea was on the docket since 2005, [Appellant] could have learned this fact earlier through due diligence." ***Id***. at 5.

We discern no error or abuse of discretion on the part of the PCRA court. Appellant simply failed to plead facts to show that the government interfered with his ability to file his claim earlier, or why he waited more than a decade to begin his investigation into Stoddard's plea, a fact that was of public record all along and could have been discovered far earlier by use of the same

- 4 -

internet search that revealed it to him in 2016. ***See***, ***e.g.***, ***Commonwealth v. Staton***, 184 A.3d 949, 957 (Pa. 2018) (holding petitioner had failed to meet his burden of establishing due diligence where claim was based upon information that has been on the court docket sheets since 2002, and noting the ruling in ***Commonwealth v. Burton***[3] does not obviate the prisoner's duty to demonstrate that he exercised due diligence in learning the facts at issue). Accordingly, the PCRA court properly dismissed Appellant's PCRA petition as untimely.

Order affirmed.[4]

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/11/2018

---

[3] "[T]he presumption that information which is of public record cannot be deemed 'unknown' for purposes of subsection 9545(b)(1)(ii) does not apply to *pro se* prisoner petitioners." ***Commonwealth v. Burton***, 158 A.3d 618, 638 (Pa. 2017) (emphasis omitted).

[4] Appellant's Second Application for Relief and Motion to Dismiss Appeal, in which he requested that this Court strike the Commonwealth's appellate brief based upon defects therein, vacate his convictions and sentences, and remand for a new trial, is denied.