J-S28020-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEMETRIUS LAWRENCE WILLIAMS | : | |
| | : | |
| Appellant | : | No. 653 MDA 2022 |

Appeal from the PCRA Order Entered March 16, 2022
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0000681-2014

BEFORE: OLSON, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.:        **FILED: DECEMBER 28, 2022**

Demetrius Lawrence Williams appeals from the denial of his Post-Conviction Relief Act ("PCRA") petition, for untimeliness. ***See*** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Following a jury trial, Williams was found guilty of multiple sexual offenses related to a minor. The court sentenced Williams to an aggregate prison term of seven and one half to 16 years' incarceration. We affirmed the judgment of sentence, and our Supreme Court denied his petition for allowance of appeal in October 2016. ***See Commonwealth v. Williams***, No. 1492 MDA 2015, 2016 WL 1657545, at *1 (Pa.Super. filed April 26, 2016) (unpublished memorandum), *appeal denied*, 158 A.3d 1233 (Table) (Pa. filed Oct. 4, 2016). Williams sought no further appeal.

Williams filed the instant PCRA petition on December 6, 2021. He argued a violation of his constitutional rights and the unavailability of exculpatory

evidence. He contended that the "courts purposely withheld the facts of the lab results which is someone else's DNA was interpreted in the rape kit, by doing such the jury missed verdict changing information." Memorandum of Law in Support of PCRA Petition, at 2 (unpaginated). He pointed out that the District Attorney "states that the[re] was sperm found in the underwear of (SS) but states no interpretable results came from the testing of these lab results." *Id.* at 1 (unpaginated). He acknowledged that his petition was untimely and claimed the unknown facts and governmental interference time-bar exceptions.

The PCRA court denied the petition, concluding that Williams had failed to satisfy any time-bar exception. It stated the report that Williams referenced was in his possession and therefore he could have raised the issue within the required time but failed to do so. It also concluded that even if he had raised the issues in a timely matter, his claims were meritless because the Commonwealth did not withhold the lab report and the report contained the allegedly exculpatory information. It also noted that the parties stipulated to the report. This timely appeal followed.

Williams presents the following issues:

> I.     Whether the courts violated constitution[al] rights and United States laws by withholding verdict changing facts from the state police's lab results.
>
> II.    Whether the sperm/DNA of another individual, other then and not the petitioner, is enough to grant dismissal of charges or a new trial.

Williams's Br. at 1 (unpaginated).[1]

We review the grant or denial of PCRA relief by determining "whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Presley*, 193 A.3d 436, 442 (Pa.Super. 2018) (citation omitted).

The court lacks jurisdiction to entertain a PCRA petition unless the petitioner files the petition within the PCRA's time limits. *See Commonwealth v. Wharton*, 886 A.2d 1120, 1124 (Pa. 2005). The PCRA's time limits require a petitioner to file any petition seeking PCRA relief within one year after the judgment of sentence becomes final unless a statutory exception to the one-year rule applies. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." *Id.* at § 9545(b)(3).

The exceptions are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

---

[1] The Commonwealth did not file an appellate brief.

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). The petitioner must raise any claim to one of the exceptions within one year of the date that the claim could have been presented. **Id.** at § 9545(b)(2).

Here, Williams filed his petition on December 6, 2021, nearly five years after his judgment of sentence became final.[2] He attempted to raise the unknown fact and governmental interference exceptions. **See** 42 Pa.C.S.A. § 9545(b)(1)(i), (ii).

"The governmental interference exception permits an otherwise untimely PCRA petition to be filed if it pleads and proves that 'the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States[.]'" **Commonwealth v. Staton**, 184 A.3d 949, 955 (Pa. 2018) (quoting 42 Pa.C.S.A. § 9545(b)(1)(i)). This exception requires a petitioner to "show that but for the interference of a government actor 'he could not have filed his claim earlier.'" **Id.** (quoting **Commonwealth v. Stokes**, 959 A.2d 306, 310 (Pa. 2008)).

---

[2] Williams's judgment of sentence became final on Monday, January 2, 2017. **See** U.S.Sup.Ct. Rule 13(1) (providing 90 days to file writ of *certiorari* with United States Supreme Court).

To satisfy the unknown fact exception, the petitioner must plead and prove "that there were 'facts' that were 'unknown to him' and that he could not have ascertained those facts by the exercise of 'due diligence.'" *Commonwealth v. Marshall*, 947 A.2d 714, 720 (Pa. 2008) (emphasis and citation omitted). "[D]ue diligence requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." *Commonwealth v. Burton*, 121 A.3d 1063, 1071 (Pa.Super. 2015) (*en banc*).

Here, Williams claims to be eligible for the unknown fact exception on account of the information in the lab report showing that the Y chromosome DNA from the sperm found on the victim's underwear was consistent with a mixture of two individuals. He alleges that he satisfied the governmental interference time-bar exception because the Commonwealth allegedly withheld this information by stating that "no interpretable results came from the testing" of the sperm in the victim's underwear.

At trial, the parties stipulated to the admission of the lab report:

> [The Commonwealth]: Your Honor, at this time the Commonwealth is going to admit into evidence laboratory results from the Wyoming Regional laboratory and they're affiliated with the Pennsylvania State Police Bureau of Forensic Services. The Commonwealth Exhibit 4 is the serology report. The items that were sent to the serology lab was a buccal swab, a vaginal swab and smear slide, a rectal swab and smear slide, oral swab and smear slide and green underwear. On the green underwear, which would be Item 1.5, spermatozoa were identified in a stain on the

inside crotch panel of the green underwear, which would have been collected by Agent Delker and sent to the lab.

\*\*\*

[The Commonwealth]: Commonwealth's [Exhibit] 5 is the DNA analysis, which was done by also the Pennsylvania State Police from Greensburg, Pennsylvania. The spermatozoa [were] tested for DNA and there was no interpretable result based upon their testing of the DNA. They couldn't get DNA from it.

N.T., Trial, at 73, 74.

Since Williams stipulated to and had access to the lab report that he claims offers new exculpatory evidence, the evidence is not a new fact and was not withheld. Accordingly, Williams' claims to the unknown fact and governmental interference exceptions fail. The PCRA court properly dismissed the petition as untimely.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/28/2022