J-S04028-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| THADDEOUS GREEN | : | |
| | : | |
| Appellant | : | No. 845 EDA 2022 |

Appeal from the PCRA Order Entered March 10, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0003581-2017

BEFORE:   MURRAY, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KING, J.:                    **FILED JULY 28, 2023**

Appellant, Thaddeous Green, appeals from the order entered in the Philadelphia County Court of Common Pleas, which dismissed as untimely his petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On May 25, 2018, Appellant plead *nolo contendere* to aggravated assault and possessing an instrument of crime ("PIC").  The court sentenced Appellant on November 30, 2018, to an aggregate term of eight to sixteen years' imprisonment, followed by five years of probation.  On December 7, 2018, Appellant filed a timely post-sentence motion, which was denied by operation

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

of law on April 8, 2019. Appellant did not appeal his judgment of sentence to this Court.

On May 29, 2020, Appellant filed a *pro se* PCRA petition. The court appointed counsel, who filed an amended PCRA petition alleging that trial counsel provided ineffective assistance and Appellant would not have entered a *nolo contendere* plea but for counsel's ineffectiveness. Following a hearing on November 9, 2021, the PCRA court dismissed Appellant's petition as untimely on March 10, 2022. Appellant filed a timely notice of appeal on March 20, 2022. On March 24, 2022, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Appellant timely complied on March 28, 2022.

Appellant raises three issues for our review:

> Whether the court erred in finding that Appellant's PCRA petition was untimely filed.
>
> Whether the court erred in finding that Appellant's *nolo contendere* plea was knowing and intelligent and not the result of ineffective advice of counsel.
>
> Whether the court erred in finding that the "newly discovered evidence" Appellant cites would not have changed the outcome of the proceedings.

(Appellant's Brief at 7) (reordered for purposes of disposition).

In his first issue, Appellant acknowledges that his PCRA petition is facially untimely, but he asserts that he has satisfied the "newly-discovered facts" and "governmental interference" exceptions to the PCRA's time-bar. Appellant argues that neither the court nor his counsel informed Appellant that

his post-sentence motion was denied by operation of law. Appellant insists that he attempted to contact trial counsel multiple times to get an update on the status of his case but was unsuccessful because trial counsel changed his address and phone number. Appellant maintains that someone at the prison told him around December 2019 that his motion was likely denied, and Appellant began working on his PCRA petition immediately thereafter. Appellant suggests that the failure to inform Appellant of the denial of his post-sentence motion amounts to governmental interference and his delayed discovery that his motion was denied satisfies the newly discovered fact exception. Appellant concludes his PCRA petition should be deemed timely under these circumstances, and this Court must grant relief. We disagree.

The timeliness of a PCRA petition is a jurisdictional requisite. *See **Commonwealth v. Hackett***, 598 Pa. 350, 359, 956 A.2d 978, 983 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). Pennsylvania law is clear that no court has jurisdiction to hear an untimely PCRA petition. ***See Commonwealth v. Robinson***, 575 Pa. 500, 837 A.2d 1157 (2003). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petitioner must allege and prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, a PCRA petitioner must present his claimed exception within the requisite statutory window. 42 Pa.C.S.A. § 9545(b)(2).

"The proper question with respect to [the government interference] timeliness exception is whether the government interfered with Appellant's ability to present his claim and whether Appellant was duly diligent in seeking the facts on which his claims are based." *Commonwealth v. Chimenti*, 218 A.3d 963, 975 (Pa.Super. 2019), *appeal denied*, 658 Pa. 538, 229 A.3d 565 (2020) (internal citation omitted). In other words, an appellant is required to show that he would have filed his claim sooner, if not for the interference of a

- 4 -

government actor. ***Commonwealth v. Staton***, 646 Pa. 284, 184 A.3d 949 (2018).

To meet the "newly-discovered facts" timeliness exception set forth in Section 9545(b)(1)(ii), a petitioner must demonstrate "he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa.Super. 2015). Due diligence demands that a PCRA petitioner take reasonable steps to protect his own interests. ***Id.***

Instantly, Appellant's judgment of sentence became final on or around May 8, 2019, thirty days after his post-sentence motion was denied by operation of law. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant's current PCRA petition, filed more than one year later on May 29, 2020, is facially untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1).

In considering whether Appellant met the proffered time-bar exceptions, the PCRA court decided that Appellant failed to exercise due diligence to learn about the status of his case. Specifically, the court noted:

> Appellant took no steps to learn about the status of his case. Appellant could have discovered the denial of his post-sentence motion for reconsideration within the one-year window to file a timely PCRA petition, even though his counsel failed to notify him about its denial. Due diligence requires Appellant to take the appropriate steps to protect his own interests.
>
> While the COVID-19 pandemic impacted the court's hours of operation, Appellant had a full year to learn about the status of the post-sentence motion. There is no evidence indicating Appellant was unsuccessful in contacting his

> attorney, the clerk of courts, or this court for an update on this matter. In addition, Appellant's attorney told Appellant's mother that the motion would be denied by operation of the law.

(PCRA Court Opinion, filed 5/19/22, at 5).

The record supports the court's conclusion. Contrary to Appellant's contentions, trial counsel testified that he did not change his address or phone number during the relevant times. Trial counsel stated that Appellant did not contact him to inquire about the status of his post-sentence motion. Trial counsel made clear that Appellant did not even ask counsel to file the post-sentence motion, but trial counsel did so at the request of Appellant's mother. Trial counsel later informed Appellant's mother that the motion would be denied by operation of law. Additionally, Appellant did not present any evidence that he sought information regarding the status of his case from the court.

Further, Appellant admitted that in December 2019, someone in prison told Appellant that his post-sentence motions had likely been denied. At this point, Appellant was still within the window of time to file a timely PCRA petition, and no COVID-19 restrictions had been put in place. Nevertheless, Appellant failed to take any action to inquire about the status of his case or file a PCRA petition within the allotted time, as he waited another five months to file his PCRA petition. Under these circumstances, we discern no error in the court's conclusion that Appellant failed to exercise due diligence to protect his own interests. **See Commonwealth v. Carr**, 768 A.2d 1164 (Pa.Super. 2001) (rejecting PCRA petition as untimely because Appellant did not call his

attorney or clerk of courts to determine status of his case, thereby not exercising due diligence to protect his own interests). Thus, Appellant has failed to prove a timeliness exception. *See Chimenti, supra*; *Brown, supra*. Therefore, Appellant's current petition remains time-barred and the PCRA court lacked jurisdiction to review it. *See Robinson, supra*. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/28/2023