**[J-98-2017]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 735 CAP |
| | : | |
| Appellee | : | Appeal from the Order dated January |
| | : | 31, 2017, entered on February 2, 2017 |
| | : | in the Court of Common Pleas, Blair |
| v. | : | County, Criminal Division at No. CP-07- |
| | : | 0001850-2005. |
| | : | |
| ANDRE STATON, | : | SUBMITTED:  December 21, 2017 |
| | : | |
| Appellant | : | |

**OPINION**

**JUSTICE MUNDY**                                        **DECIDED:  May 24, 2018**

Appellant, Andre Staton, appeals from the February 2, 2017 order of the Court of Common Pleas of Blair County, dismissing as untimely, his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

This Court has previously recited the underlying facts of Staton's case in our opinions disposing of his direct appeal, as well as his first PCRA appeal.  *See generally Commonwealth v. Staton*, 38 A.3d 785 (Pa. 2012) (*Staton I*); *Commonwealth v. Staton*, 120 A.3d 277 (Pa. 2015) (*Staton II*), *cert. denied*, 136 S. Ct. 807 (2016).  For the purposes of the instant appeal, we summarize the relevant underlying factual and procedural history as follows.

Sometime in 2003, Staton began dating the victim, Beverly Yohn. In the fall of 2003, one of Beverly's friends observed injuries on her person.[1] Later on, in January 2004, Beverly called the local police, asserting that Staton had attacked her. Beverly obtained a temporary protection from abuse (PFA) order against Staton on January 27, 2004, and a final PFA order on February 19, 2004.

On the morning of February 25, 2004, Beverly and her three sons were staying at the home of Penny Lantz, Beverly's mother. Lantz had left the house to go to work. One of Beverly's sons, Justin Yohn, was outside starting the car for her to take him to school, when he saw Staton rush up to the house. Staton told Justin to keep quiet, and Staton kicked in the back door. Jeremy Yohn, also Beverly's son, was in the kitchen. Jeremy observed his mother lock the back door, but shortly afterwards saw Staton kick the door down and enter the kitchen. Jeremy saw Staton pull a knife out of his jacket and watched Staton stab Beverly until she collapsed onto the floor. Staton ran out of the house through the same back door, threw Justin out of the car he had started, and drove away in it. Beverly was taken to Altoona Hospital Trauma Center and was pronounced dead later that day.

Staton was apprehended, and the Commonwealth filed an information on October 6, 2005, charging him with one count each of criminal homicide, burglary, criminal trespass, theft by unlawful taking, and receiving stolen property, as well as two counts of aggravated assault. Staton proceeded to a jury trial, at the conclusion of which, the jury convicted him of all charges, with the criminal homicide graded as first-degree murder. At the penalty phase, the jury found two aggravating factors and four mitigating factors, but concluded the aggravating factors outweighed the mitigating

---

[1] We refer to members of the Yohn family by their first names to avoid confusion.

factors, and returned a death sentence, which the trial court formally imposed on June 1, 2006. Staton filed a timely post-sentence motion, which the trial court denied. This Court affirmed the judgment of sentence on February 21, 2012. *See Staton I*, 38 A.3d at 796. Staton did not seek a writ of certiorari from the Supreme Court of the United States.

On May 9, 2012, Staton filed a timely pro se PCRA petition. On May 11, 2012, the PCRA court appointed counsel, Timothy Burns, Esquire. Petitioner filed an amended pro se PCRA petition on August 20, 2012. On May 13, 2013, the parties appeared before the PCRA court. At this proceeding, the parties discussed Staton's then-pending motion to proceed pro se. Both Attorney Burns, and the Commonwealth opposed the motion on several grounds. Staton voiced his continued desire to represent himself, and his dissatisfaction with Attorney Burns' representation. The PCRA court denied Staton's motion to proceed pro se. As the PCRA court hearing drew to a close, Staton got up from his chair and swung at Attorney Burns. Staton struck Attorney Burns in the head, causing him to be temporarily unconscious. Attorney Burns suffered a severe concussion and was taken to a nearby hospital.[2]

On May 28, 2013, the PCRA court entered an order and opinion. Therein, the PCRA court vacated its order appointing Attorney Burns in light of the assault, and further concluded Staton had waived his right to counsel under Pennsylvania Rule of Criminal Procedure 904(H)(1). The PCRA court further stated it had reviewed all of Staton's issues in his August 20, 2012 amended pro se petition and concluded no issues of material fact existed. It therefore notified Staton of its intent to dismiss his

---

[2] The Commonwealth separately charged Staton with various offenses arising from this assault, for which he was eventually convicted and sentenced to an additional five to ten years' imprisonment.

petition without a hearing and explained why none of his claims entitled him to relief. *See generally* Pa.R.Crim.P. 909(B)(2)(a). Staton filed a timely pro se response. On September 25, 2013, the PCRA court entered an order denying Staton's PCRA petition. Petitioner filed a timely notice of appeal to this Court.

This Court affirmed on July 20, 2015. Relevant to the instant appeal, this Court concluded that Staton had not waived his right to counsel, but rather forfeited his right to counsel. We explained that wavier of a right involves intentional or voluntary abandonment of a right, whereas forfeiture involves serious or dilatory conduct, even if one did not intend to abandon the right. *Staton II*, 120 A.3d at 286 (citation omitted). We concluded that Staton's unprovoked attack on Attorney Burns constituted "extremely serious conduct" that met the threshold of forfeiting his right to PCRA counsel, and the PCRA court did not err in proceeding to adjudicate the merits of Staton's amended pro se petition. *Id.* This Court then rejected Staton's remaining six issues. The Supreme Court of the United States denied Staton's petition for a writ of certiorari on January 11, 2016.

On February 22, 2016, Staton filed the instant pro se PCRA petition. Therein, Staton alleged that he had been deprived of "a full, fair, adequate, and properly amended first PCRA petition." Staton's Second PCRA Petition, 2/22/16, at ¶ 3. Specifically, Staton alleged that on December 23, 2015, he reviewed a counseled pleading filed on his behalf in his federal habeas proceeding, in which he purportedly learned for the first time that Attorney Burns never filed an amended first PCRA petition on his behalf. *Id.* at ¶ 50. In his view, this deprived him of his constitutional rights insofar as he did not have an opportunity to be heard on the merits of his previous state and federal constitutional claims. *Id.* at ¶ 51.

As to timeliness, Staton acknowledged his petition was facially untimely, but alleged that the newly-discovered fact time-bar exception applied. *Id.* at ¶ 55. He also alleged that he had complied with the 60-day rule at Section 9545(b)(2). *Id.* The alleged newly-discovered fact was that the PCRA court had adjudicated his August 20, 2012 pro se amended PCRA petition on the merits. *Id.* In Staton's view, his own filing violated the rule against hybrid representation, since at the time of filing, Attorney Burns was still counsel of record. *Id.* Therefore, Staton believed that the PCRA court should not have gone forward with the merits of his August 20, 2012 petition.

Staton filed an amended pro se petition on February 29, 2016, which consisted of an affidavit from Donte Thomas, a fellow prisoner who had been helping Staton with his case. Relevant to this appeal, the affidavit stated that Thomas first learned on December 24, 2015 that the PCRA court had dismissed Staton's prior pro se PCRA petition.

On November 7, 2016, the PCRA court entered an order dismissing the petition as untimely filed. Staton filed a counseled motion for reconsideration on November 22, 2016, asserting that the PCRA court erred in not giving notice of intent to dismiss under Rule 909(B)[3] On November 29, 2016, the PCRA court entered an order vacating its November 7, 2016 dismissal order, and gave the appropriate Rule 909(B)(1) notice. Therein, the PCRA court explained that the instant petition was untimely on its face, and Staton failed to adequately prove an exception to the PCRA time-bar applied.

Staton filed a counseled response to the PCRA court's Rule 909 notice on December 13, 2016. Therein, Staton argued for the first time that the governmental interference time-bar exception also applied. Staton alleged that the PCRA court

---

[3] Current counsel on appeal is the same attorney who filed Staton's reconsideration motion. Counsel entered his appearance that same day.

interfered with his ability to fully present his claims for his first PCRA petition due to its failure to appoint competent counsel to represent him. Staton's Response, 12/13/16, at 5. In addition, he also alleged the newly-discovered fact exception applied, insofar that trial counsel, Donald Speice, Esquire, had an undisclosed conflict of interest. *Id.* at 6. Specifically, Staton alleged that Attorney Speice and others in the public defender's office, of which Attorney Speice was an employee, had previously represented a Commonwealth witness, Dennis Johnson, in other criminal matters. *Id.* Staton also alleged the newly-discovered fact exception applied to certain instances of alleged ineffective assistance by Attorney Burns before he was discharged from representing Staton. *Id.* The response also attached an amended PCRA petition, which raised 45 alleged instances of trial counsel ineffectiveness, direct appeal counsel ineffectiveness, and trial court error. On February 2, 2017, the PCRA court entered an order dismissing Staton's second PCRA petition as untimely filed. On March 1, 2017, Staton filed a timely notice of appeal.

"Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015) (citation omitted). We view the record in the light most favorable to the prevailing party in the PCRA court. *Id.* We are bound by any credibility determinations made by the PCRA court where they are supported by the record. *Id.* However, we review the PCRA court's legal conclusions *de novo. Id.*

As this Court has often noted, the PCRA time-bar is jurisdictional in nature. *Commonwealth v. Cox*, 146 A.3d 221, 227 (Pa. 2016). "The PCRA requires that a petition seeking relief thereunder must be filed within one year of the date the petitioner's judgment of sentence becomes final." *Id.* (citations omitted). Under the

PCRA, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

The parties do not dispute that Appellant's judgment of sentence became final on May 21, 2012, when Staton's time to file a petition for a writ of certiorari with the Supreme Court expired. Staton's petition is therefore facially untimely, but he avers it was timely under either the governmental interference or newly-discovered fact exception to the time-bar. We address each exception separately.[4]

We begin with the governmental interference exception. Staton claims that the PCRA court committed government interference by not appointing "competent" counsel as required by the Rules of Criminal Procedure. Staton's Brief at 25. In his view, this is "regardless of whether he later waived or forfeited his right to counsel." *Id.* Therefore, Staton avers the PCRA court's failure in this regard deprived him of "a meaningful opportunity to present his claims during the [f]irst PCRA proceeding." *Id.* The Commonwealth counters that it was Staton, not the PCRA court, who interfered with Staton's representation. Commonwealth's Brief at 31-35. Specifically, the

---

[4] We observe that some of Staton's time-bar exception arguments were not raised in the PCRA petition itself, but rather were raised for the first time in his counseled response to the PCRA court's notice of intent to dismiss. This Court has stated that the text of the PCRA requires any exception be raised in the petition itself. *Commonwealth v. Wharton*, 886 A.2d 1120, 1126 (Pa. 2005) (stating that the defendant "was required to plead the cognizability of his petition in the petition itself"); *see also* 42 Pa.C.S. § 9545(b)(1)(i) (providing that any petition shall be filed within one year of the date the judgment becomes final "unless the petition alleges and the petitioner proves that" one of the enumerated exceptions to the PCRA time-bar applies). Further, Staton was not granted leave to amend his PCRA petition to include additional exceptions to the PCRA time-bar. Nevertheless, the PCRA court addressed all of Staton's arguments in this regard. Accordingly, to the extent Staton contends the PCRA court erred in its resolution of such arguments, we shall address them.

Commonwealth's brief reviews the record and points to various instances where Staton "attempt[ed] to thwart counsel's representation of him[.]" *Id.*

The governmental interference exception permits an otherwise untimely PCRA petition to be filed if it pleads and proves that "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States[.]" 42 Pa.C.S. § 9545(b)(1)(i). In other words, Staton is required to show that but for the interference of a government actor "he could not have filed his claim earlier." *Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008).

We also observe that the Pennsylvania Rules of Criminal Procedure include a rule-based right to counsel. Rule 904(H)(1) requires the PCRA court to automatically appoint counsel for the purposes of collateral review after the record is remitted at the end of any direct appeal proceedings. Pa.R.Crim.P. 904(H)(1). The PCRA court's appointment is effective through any PCRA appeal proceedings unless it is forfeited or waived, and the litigant proceeds pro se. *Id.* at 904(H)(2)(b).

After careful review, we conclude Staton's governmental interference argument lacks merit. The record demonstrates that Staton did have competent PCRA counsel appointed to represent him during the first PCRA proceedings. After Attorney Burns' appointment, Staton tried to proceed pro se, and when the PCRA court refused to permit Staton to represent himself, he assaulted Attorney Burns in open court. *Staton II*, 120 A.3d at 282. By forfeiting his right to counsel, Staton's then-pending amended pro se petition was properly before the PCRA court, was not barred by any hybrid representation concerns, and thus his August 20, 2012 pro se PCRA petition was the pending petition in the PCRA court. As this Court held in Staton's previous appeal, the PCRA court properly adjudicated Staton's August 20, 2012 pro se petition on the merits.

*Id.* at 286. Based on these considerations, we conclude Staton's governmental interference argument does not render his instant PCRA petition timely.

We now turn to Staton's arguments pertaining to the newly-discovered fact time-bar exception. This time-bar exception permits an otherwise untimely PCRA petition to be filed if it pleads and proves that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S. § 9545(b)(1)(ii). As this Court recently explained, "[w]hen considering a claim seeking to invoke section 9545(b)(1)(ii), the petitioner must establish only that (1) the facts upon which the claim was predicated were unknown and (2) they could not have been ascertained by the exercise of due diligence." *Cox*, 146 A.3d at 227. This does not require any merits analysis of the underlying claims for relief. *Id.* Our cases have stated that to qualify as a new fact, "the information may not be part of the public record." *Commonwealth v. Edmiston*, 65 A.3d 339, 352 (Pa. 2013) (citation omitted), *cert. denied*, 134 S. Ct. 639 (2013). In addition, the item must "not merely [be] a newly discovered or newly willing source for previously known facts." *Id.* (internal quotation marks and citation omitted). Furthermore, this Court has explained that "[d]ue diligence does not require perfect vigilance and punctilious care, but merely a showing the party has put forth reasonable effort to obtain the information upon which a claim is based." *Cox*, 146 A.3d at 230 (quoting *Edmiston*, 65 A.3d at 348).

In this case, Staton raises three alleged newly-discovered facts. First, Attorney Burns' alleged ineffective assistance of counsel during the first round of collateral review. Second, trial counsel's purported conflict of interest. Third, that the PCRA court "improperly adjudicated" his August 20, 2012 pro se petition because it was a nullity due to the bar against hybrid representation. We address each argument separately.

Staton's first alleged newly-discovered fact is Attorney Burns' alleged ineffective

assistance of counsel during the adjudication of his first PCRA petition. Specifically, Staton claims Attorney Burns never met with him or filed an amended PCRA petition, despite the PCRA court ordering him to do so. Staton's Brief at 29. Staton raises the nebulous claim that he did not previously learn of this "fact" because he did not "know about [Attorney Burns'] errors until counsel committed them[5] long after [Staton's] judgment of sentence became final." *Id.* Staton cites our decision in *Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007) in support of his position. The Commonwealth maintains that Attorney Burns was not ineffective and Staton caused his own forfeiture of counsel by assaulting Attorney Burns. Commonwealth's Brief at 37-38.

In *Bennett*, we held the fact that Bennett's previous appellate counsel abandoned him by not filing a brief in the Superior Court, which resulted in the dismissal of his appeal, could generally qualify as a newly-discovered fact as a matter of law. *Bennett*, 930 A.2d at 1274. We did not decide whether Bennett specifically had satisfied his burden under Section 9545(b)(1)(ii) because this "require[d] further fact-finding" as to due diligence. *Id.* On remand, we instructed the PCRA court to decide in the first instance "whether Appellant met the 'proof' requirement under 42 Pa.C.S. § 9545(b)(1)(ii)" as to whether the fact of abandonment was "unknown" and whether Bennett had exercised due diligence. *Id.*

Turning back to this case, we conclude that *Bennett* is of no assistance to Staton in the instant matter. Attorney Burns never abandoned Staton. To the contrary, Staton wished to fire Attorney Burns and represent himself, and when that request was not allowed, he forfeited Attorney Burns' further representation by assaulting him. *Staton II*, 120 A.3d at 282, 286. We also point out that in *Commonwealth v. Gamboa-Taylor*, 753

---

[5] We assume that Staton means that current counsel did not advise Staton of Attorney Burns' alleged ineffectiveness until long after his judgment of sentence became final.

A.2d 780, 785 (Pa. 2000), this Court definitively stated that "claims of PCRA counsel's ineffectiveness do not escape the PCRA one-year time limitation merely because they are presented in terms of current counsel's discovery of the 'fact' that a previous attorney was ineffective." *Gamboa-Taylor*, 753 A.2d at 786. Therefore, Staton cannot meet his burden under Section 9545(b)(1)(ii) in this regard. *See Cox*, 146 A.3d at 227.

Staton next avers that his instant petition is timely because he discovered that trial counsel, Donald Speice, had a purported conflict of interest involving a Commonwealth witness, Dennis Johnson. In this regard, Staton lists two Common Pleas docket numbers where Johnson pled guilty in August 2002 to one count of possession with intent to deliver at CP-07-CR-335-2002 and pled guilty to one count of possession of marijuana in April 2002 at CP-07-CR-754-2002.[6] No appeals were filed in either case, so the judgments of sentence became final before the instant homicide even occurred.

In his brief, Staton claims that he learned about the alleged new facts sometime in May 2016, and baldly cites to the Superior Court's opinion in *Commonwealth v. Burton*, 121 A.3d 1063 (Pa. Super. 2015) (en banc), *aff'd*, 158 A.3d 618 (Pa. 2017). In *Burton*, this Court held that for purposes of the newly-discovered fact exception and the 60-day rule, "the presumption that information of public record cannot be considered 'unknown' for purposes of proving the newly-discovered facts exception . . . does not apply to *pro se* prisoner petitioners." *Burton*, 158 A.3d at 620.

---

[6] The Commonwealth acknowledges in a footnote to its brief that Johnson had two other criminal docket numbers at CP-07-CR-262-1999 and CP-07-CR-1423-2001. Johnson was represented by a member of the public defender's office in at least one of those two cases. The Commonwealth has also attached to its brief filed in this Court a filing from Johnson's case at CP-07-CR-754-2002. *See* Commonwealth's Brief at Exhibit 4. The sheet lists Attorney Speice as Johnson's counsel. *Id.*

In our view, Staton is not entitled to relief.  Johnson's docket sheets, which list trial counsel for each case, were public records as far back as 2002.  The trial in Staton's case took place in 2006, and direct appeal proceedings concluded in 2012. Even though Staton forfeited his right to PCRA representation by assaulting Attorney Burns in open court, by the time his first PCRA appeal was reviewed by this Court, Staton was represented by a private attorney, Teri B. Himebaugh, Esquire.  *See Staton II*, 120 A.3d at 283 n.8.  Therefore, although Staton initially filed the instant petition pro s*e*, as explained above, unlike *Burton*, he has been represented by various attorneys at various points in the last decade.

In addition, *Burton* only pertains to the part of Section 9545(b)(1)(ii) relating to whether the facts were "unknown."  This Court stressed that the due diligence requirement is separate and distinct from the discrete issue addressed in *Burton.  See Burton*, 158 A.3d at 638 (stating, "[a]fter the PCRA court makes a determination as to the petitioner's knowledge, it should *then* proceed to consider whether, if the facts were unknown to the petitioner, the facts could have been ascertained by the exercise of due diligence, including an assessment of the petitioner's access to public records.") (emphasis added).  Based on these considerations, we conclude Staton has not met his burden to show he could not have learned of these facts earlier with the exercise of due diligence.

Staton's third alleged newly-discovered fact is that the PCRA court wrongly adjudicated his August 20, 2012 pro se PCRA petition on its merits.  In this vein, Staton argues that the entire petition was a legal nullity, because when he filed it, he violated Pennsylvania's prohibition against hybrid representation.  Staton's Brief at 30.  Staton continues that he did not "discover this error until December 23, 2015, when he

reviewed a pleading filed by the Federal Public Defender's Office [in his federal habeas proceeding] that discussed this fact." *Id.*

Our cases have consistently stated that "no defendant has a constitutional right to hybrid representation, either at trial or on appeal." *Commonwealth v. Blakeney*, 108 A.3d 739, 762 (Pa. 2014), *cert. denied*, 135 S. Ct. 2817 (2015). Pennsylvania Rule of Criminal Procedure 576(A)(4) further states that when a represented defendant "submits for filing a written motion, notice, or document that has not been signed by the defendant's attorney, the clerk of courts shall accept it for filing, time stamp it with the date of receipt and make a docket entry reflecting the date of receipt, and place the document in the criminal case file." Pa.R.Crim.P. 576(A)(4). The Rule continues that "[a] copy of the time stamped document shall be forwarded to the defendant's attorney and the attorney for the Commonwealth within 10 days of receipt." *Id.*

In this case, even assuming *arguendo*, that the prohibition against hybrid representation initially prevented adjudication of Staton's August 20, 2012 pro se petition, as we have already held, subsequent events lifted any prohibition. After Staton filed his August 20, 2012 pro se petition, on May 13, 2013, Staton tried to represent himself and then assaulted his counsel after the PCRA court denied his request. *Staton II*, 120 A.3d at 282. This Court has already held that Staton forfeited his right to counsel based on his conduct. *Id.* at 286. Therefore, after Staton's forfeiture, he was no longer represented. *Id.* at 286. At that moment, any possible hybrid representation bar to his August 20, 2012 pro se petition ceased to exist. Therefore, this cannot constitute a newly-discovered fact for the purposes of Section 9545(b)(1)(ii). *See Cox*, 146 A.3d at 227.

Based on the foregoing, we hold that none of Staton's time-bar exception arguments warrant relief.[7] We therefore conclude that the PCRA court correctly determined that it lacked jurisdiction to adjudicate the merits of Staton's petition. Accordingly, the order of the Court of Common Pleas of Blair County is affirmed. The Prothonotary is directed to transmit a copy of the record and this opinion to the Governor pursuant to 42 Pa.C.S. § 9711(i).

Chief Justice Saylor and Justices Baer, Donohue, Dougherty and Wecht join the opinion.

Justice Todd concurs in the result.

---

[7] Because we conclude that none of Staton's time-bar arguments have any merit, we need not address his argument regarding the sixty-day rule at Section 9545(b)(2).