J-S22039-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CARLOS HAIRSTON | : | |
| | : | |
| Appellant | : | No. 758 EDA 2022 |

Appeal from the PCRA Order Entered February 17, 2022
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0004377-2019,
CP-15-CR-0004471-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CARLOS HAIRSTON | : | |
| | : | |
| Appellant | : | No. 759 EDA 2022 |

Appeal from the PCRA Order Entered February 17, 2022
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0004377-2019,
CP-15-CR-0004471-2019

BEFORE: BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED OCTOBER 25, 2022**

Carlos Hairston ("Hairston") appeals *pro se* from the denial of his petitions for relief pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

On November 16, 2020, Hairston, who was represented by counsel ("plea counsel"), entered a negotiated guilty plea to two counts of burglary and one count of persons not to possess firearms. On Information 4377 of 2019, Hairston admitted he entered a home without permission and stole a handgun. He further admitted that he had a prior disqualifying conviction that made him ineligible to possess a firearm. At Information 4471 of 2019, he admitted that he entered a home without permission and stole jewelry. *See* N.T., 11/16/20, at 2-3, 6-8.[2] Hairston told the plea court that he had sufficient time to consult with his attorney, was satisfied with his attorney's services, understood the rights he was surrendering by pleading guilty, and had not been promised anything in exchange for his plea other than the terms of his negotiated plea. *See id*. at 6-8. The plea court found that Hairston's plea was knowingly, voluntarily, and intelligently entered. *See id*. at 8.[3]

Hairston had a prior record score of five. The sentencing guidelines called for a minimum sentence of twenty-four to thirty-six months of

---

[2] As part of the same negotiated guilty plea, Hairston pled guilty to offenses charged at Information 1381 of 2019, Information 2378 of 2020, and Information 2733 of 2020. *See* N.T., 11/16/20, 3-4, 6-8.

[3] The written plea colloquy contained a paragraph designated "[MANDATORY SENTENCES ONLY]." In the blank space after the words "The crime of" in that paragraph, the words "No Mandatory" were handwritten, indicating that there was no mandatory sentence. Hairston placed his initials beside that paragraph, and signed the page on which it appeared. *See* Guilty Plea Colloquy, 11/16/20, at 8, ¶ 32.

imprisonment for burglary, and sixty to seventy-two months of imprisonment for persons not to possess firearms. **See** 42 Pa.C.S.A. § 9721(b), 204 Pa. Code §§ 303.3, 303.15, 303.16(a).[4] The prosecutor stated that the negotiated sentences accounted for all of the crimes to which Hairston pled. **See** N.T., 11/16/20, at 9-10. The plea court imposed the terms of the negotiated plea: five to ten years of imprisonment for persons not to possess firearms, and a consecutive term of twenty-one to forty-eight months of incarceration for burglary at Information 4377 of 2019; and a consecutive term of twenty-one to forty-eight months of imprisonment for burglary at Information 4471 of 2019.[5] **See id**. at 9-11.

Hairston did not file post-sentence motions or direct appeals. He filed identical timely *pro se* PCRA petitions for both cases, claiming that he received a mandatory sentence for persons not to possess firearms in violation of **Alleyne v. United States**, 570 U.S. 99 (2013), which holds that any factor that increases a mandatory minimum sentence is an element of the crime to

---

[4] The prosecutor told the plea court that the statutory **maximum** sentence for persons not to possess firearms was ten years, and that Hairston's minimum sentence for that offense therefore could not exceed five years even though the sentencing guidelines standard range called for a minimum sentence of between five and six years of imprisonment. **See** N.T., 11/16/20, at 10.

[5] The plea agreement imposed additional sentences for Hairston's other crimes. **See** N.T., 11/16/20, at 12-15.

be submitted to a jury.[6]  The PCRA court appointed C. Curtis Norcini, Esquire ("Attorney Norcini"), to represent Hairston on both cases.  Attorney Norcini filed **Finley**[7] no-merit letters and requests to withdraw as counsel.  The PCRA court issued notices of intent to dismiss Hairston's PCRA petitions.  **See** Pa.R.Crim.P. 907.  Hairston responded *pro se* to the PCRA court's notices, asserting that he received a mandatory minimum sentence for persons not to possess firearms in violation of **Alleyne**, and that plea counsel was ineffective for failing to investigate the imposition of an unlawful sentence.  **See** Hairston's Rule 907 Response, 1/26/22, at 4 (unnumbered).  The PCRA court granted Attorney Norcini's petitions to withdraw and dismissed both of Hairston's PCRA petitions in a single order.  Hairston and the PCRA court complied with Pa.R.A.P. 1925.

In his appellate briefs, Hairston fails to provide a statement of questions involved, in violation of Pa.R.A.P. 2116, or a statement of the case containing a closely condensed chronological statement of all facts necessary to

---

[6] Hairston also checked boxes on his PCRA petitions stating that plea counsel was ineffective, he had exculpatory evidence that would have changed the outcome of trial if introduced, and the facts supporting his claim were unknown to him and could not have been discovered with the exercise of due diligence.  **See** PCRA Petition, 9/13/21, at 2-3.  Hairston did not discuss those assertions in his PCRA petition.

[7] **See Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

determine the points in controversy in violation of Pa.R.A.P. 2117(a)(4).[8]  We are nevertheless able to discern that Hairston asserts that: (1) the plea court imposed a mandatory minimum sentence for persons not to possess firearms in violation of **Alleyne v. United States**, 570 U.S. 99 (2013); (2) plea counsel was ineffective for not asserting that Hairston's persons not to possess firearms sentence was illegal; and (3) Hairston's plea was involuntary and unknowing because he did not receive pretrial notice of the prosecution's intent to seek a mandatory sentence for his conviction of persons not to possess firearms.  **See** Hairston's Brief at 8-10.

This Court's standard for reviewing the dismissal of PCRA relief is well-settled:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error.  We view the record in the light most favorable to the prevailing party in the PCRA Court.  We are bound by any credibility determinations made by the PCRA court where they are supported by the record.  However, we review the PCRA court's legal conclusions *de novo*.

**Commonwealth v. Staton**, 184 A.3d 949, 954 (Pa. 2018) (internal citations and quotations omitted).

The PCRA court wrote separate opinions addressing each of Hairston's two PCRA petitions.  On Information 4377 of 2019, the PCRA court stated that:

---

[8] Hairston filed identical briefs for both appeals.  We subsequently consolidated the cases *sua sponte*.

(1) no mandatory minimum sentence was discussed at sentencing, (2) no mandatory minimum sentence was designated on the written guilty plea colloquy, (3) Hairston's persons not to possess firearms sentence was not a mandatory minimum sentence and was at the low end of the standard guidelines range, (4) Hairston's plea was knowing, voluntary, and intelligent, and (5) Hairston had waived all other issues by pleading guilty. *See* PCRA Court Opinion, 4/13/22, at 2-7 (Information 4377 of 2019). On Information 4471 of 2019, the PCRA court additionally stated that Hairston did not contend that he received a mandatory minimum sentence in that case, and had therefore failed to raise a claim for post-conviction relief. *See* PCRA Court Opinion, 4/13/22, at 2-7 (Information 4471 of 2019).

We affirm the PCRA court's order denying Hairston's petitions. Hairston's claims are all predicated on his assertion that he received an illegal mandatory minimum sentence for persons not to possess firearms. He did not, and none of the parties stated at the hearing on Hairston's negotiated plea that Hairston was receiving a mandatory minimum sentence. Additionally, Hairston received a sentence at the bottom of the standard range of the sentencing guidelines, and Hairston himself signed and initialed a detailed written guilty plea colloquy which stated that there was no mandatory minimum sentence in the case. *See* Written Guilty Plea Colloquy, 11/16/20, at 8, ¶ 32. Thus, the PCRA court properly concluded that Hairston did not receive a mandatory minimum sentence in violation of ***Alleyne***. Further,

- 6 -

Hairston cannot demonstrate that plea counsel was ineffective for not investigating meritless claims concerning his alleged receipt of a mandatory sentence or preserving a challenge to the knowing and voluntary nature of his plea solely predicated on the incorrect assertion that he received an illegal mandatory minimum sentence. **See Commonwealth v. Spotz**, 896 A.2d 1191, 1214 (Pa. 2006). Thus, the PCRA court properly dismissed Hairston's PCRA petition. **See Staton**, 184 A.3d at 954.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/25/2022

- 7 -