J-S22043-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARCUS COX | : | |
| | : | |
| Appellant | : | No. 342 EDA 2021 |

Appeal from the PCRA Order Entered December 17, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013269-2012

BEFORE:  BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:　　　　　**FILED NOVEMBER 30, 2023**

Marcus Cox ("Cox") appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The PCRA court summarized the evidence presented at Cox's jury trial as follows:

> [O]n October 6, 2012, at approximately 6:45p.m., [Cox] approached the complainant, Glenn Gibson [("Gibson")], who was out walking his dog near 6500 Paschall Avenue.  After approaching [Gibson], [Cox] said, "[Y]ou took my young boy's bike[.]" [Gibson] replied, "[N]o[,] I did not[.  W]hat bike?"  [Gibson] was known for fixing bikes in the neighborhood.  [Gibson] testified that he had never seen [Cox] before this incident and did not know what [Cox] was talking about regarding [Cox]'s "young boy's bike[.]"
>
> [Gibson] testified that he had only one bike at home at the time, which was his own that he bought at Frankford Bikes.  He

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

described it as a Redline make,[2] "colored blue, red, and black[.]" [Gibson] also described the bike as having red pedals and a red seat post. He testified that he customized the bicycle himself after purchasing it, explaining, "I replaced the rims, the tires, the seat post, the seat, the pedals, the neck of the bike . . . the bars . . . which are Redline, off another brown Redline, and new brake pads . . .[.]"

While still at Paschall Avenue, [Cox] threatened to shoot [Gibson] and his dog if [Gibson] did not give [Cox] the bike. [Gibson] said that he could "see a bulge on [Cox's] waist" and "it looked like a handgun[.]"

[Cox] then followed [Gibson] home. [Gibson] entered his apartment from the side door . . .. [Gibson] described his apartment as having a metal door, followed by a wooden door that must be opened in order to enter the apartment. After entering his apartment, [Gibson] attempted to shut the door but [Cox] put his foot in the way to stop [Gibson] from doing so[.]

* * * *

[Gibson] also explained that [Cox] was "pulling on the handle on the metal door" while [Gibson] was trying to shut it. [Cox's] foot and calf made it inside the apartment. [Cox] asked [Gibson] where the bike was and [Gibson] retrieved his own Redline bicycle from inside his apartment and brought it outside to where [Cox] was waiting. [Gibson] grabbed the seat of the bike and said[, "T]his isn't your bike[.]"

Next, [Cox] said, "I'm going to ride it for a second, see if it's the bike[.]" [Cox] then "snatched" [Gibson]'s phone out of the [Gibson]'s hoodie pocket and took the bike from [Gibson]. [Cox] rode the bike around in a circle a couple of times and then took off.

[Gibson] called 911 as he saw [Cox] ride away. [Gibson] then flagged down police as they drove past his home. [Gibson] entered Officer Lisa Keleman's police cruiser and they drove to 6600 Woodland Avenue where other officers had stopped a man

---

2 Gibson described a Redline bicycle as a "professional BMX bike." *See* N.T., 1/21/15, at 42.

who was riding a bike. [Gibson] did not identify that man as the perpetrator, however. [Gibson] and Officer Keleman then went to 6400 Paschall Avenue, where Officer Anthony Davis had stopped a man, [Cox], matching the flash description of—a black man with a "blue hooded sweatshirt and blue pants, riding a blue bicycle with reds [sic] pedals[.]" At 6400 Paschall Avenue, [Gibson] identified [Cox], and also confirmed to police that the bicycle [Cox] was riding was as [Gibson's] own.

Officer Davis recovered the bicycle and prepared a property receipt for it. The property receipt included the bike's description and noted the serial number for the bike as "3SFY2482[.]" Officers did not recover [Gibson]'s cell phone or a gun from [Cox]. At trial, during Officer Anthony Davis's direct examination, the Commonwealth introduced a photograph of a "blue BMX Redline bike, with red pedals," which Officer Davis identified as the bicycle at issue. [Gibson] also identified his bike from the same photograph as "My Redline[."3] The Commonwealth also introduced an arrest memo that Officer Davis prepared, detailing why police stopped [Cox], the flash information provided by [Gibson], and the bike's description. This arrest memo indicated that the bike's serial number was "3SFY24**5**82," which was one number different from the serial number for the bicycle that was recorded on the property receipt.

PCRA Court Opinion, 3/27/23, at 3-5 (citations to record omitted) (emphasis added). A jury found Cox guilty of robbery,[4] and the trial court sentenced him to ten to twenty years of imprisonment.

A convoluted procedural history followed. Cox, who had been represented by trial counsel, filed a *pro se* post-sentence motion. After the trial court denied Cox's post-sentence motion, Cox did not file an appeal. Cox

_____

[3] The photograph used at trial was marked as Commonwealth's Exhibit 8. Although the copy of the exhibit is a grainy black and white reproduction, it clearly shows that the bicycle had Redline logos on its frame. *See* Commonwealth's Exhibit 8.

[4] The jury found Cox not guilty of burglary. The trial court separately found Cox not guilty of persons not to possess firearms.

then filed a PCRA petition seeking the reinstatement of his direct appeal rights, which the court granted.[5] Cox filed a notice of appeal through the direct appeal counsel appointed to represent him. This Court dismissed Cox's appeal in January 2019 due to counsel's failure to file a brief.

Cox then filed a *pro se* petition for writ of *habeas corpus* in July 2019, and a timely *pro se* PCRA petition in December 2019.[6] The court appointed new PCRA counsel ("PCRA counsel"), who filed an amended PCRA petition, technically Cox's first. **See Commonwealth v. Turner**, 73 A.3d 1283, 1286 (Pa. Super. 2013) (explaining that "when a PCRA petitioner's direct appeal rights are reinstated *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition will be considered a first PCRA petition for timeliness purposes"). Therein, Cox asserted that his trial counsel was ineffective for failing to investigate the discrepancies concerning the bicycle's serial number and failing to discover that the manufacturer and distributors of the bicycle could not locate either of the bike's purported serial numbers in their databases.[7] The PCRA court issued a notice of its intent to dismiss the petition as meritless,

---

[5] The order granting reinstatement of Cox's direct appeal rights is not contained in the certified record.

[6] Cox's *pro se* petition of writ of *habeas corpus* and PCRA petition sought relief asserting the existence of "new evidence" based on various documents purporting to indicate that there were no Redline bicycles associated with the serial number of the bicycle in Cox's possession at the time of his arrest.

[7] Cox's PCRA counsel attached to the amended PCRA petition documents similar to those Cox had attached to his *pro se* petition for writ of *habeas corpus* and PCRA petition.

*see* Pa.R.Crim.P. 907, and Cox did not respond. The PCRA court dismissed the amended PCRA petition in December 2020, and Cox, who was still represented by PCRA counsel, filed a *pro se* notice of appeal. Because PCRA counsel was still Cox's attorney of record, this Court remanded the matter to determine if PCRA counsel had abandoned Cox and to appoint new counsel if necessary.

Upon remand, the PCRA court granted PCRA counsel leave to withdraw and appointed new appellate counsel ("prior appellate counsel"). The PCRA court issued an order directing Cox to file a Pa.R.A.P. 1925(b) statement. Prior appellate counsel, based on his mistaken belief that the PCRA court had reinstated Cox's direct appeal rights, filed a Rule 1925(b) statement challenging the sufficiency of the evidence and raising a claim of prosecutorial misconduct. The PCRA court prepared a Rule 1925(a) opinion addressing the direct appeal issues on their merits. Subsequently, this Court concluded that prior appellate counsel was ineffective *per se* for waiving any PCRA-related arguments in the appeal, and we remanded the matter for the appointment of new counsel, the filing of a Rule 1925(b) statement *nunc pro tunc,* and the preparation of a new Rule 1925(a) opinion. ***See Commonwealth v. Cox***, 290 A.3d 686, 342 EDA 2021 (Pa. Super. 2022) (unpublished memorandum at 6-7). Upon remand, the PCRA court appointed present counsel, and both counsel and the court have complied with our remand instructions.

Cox raises the following issue for review:

The PCRA court erred when it denied, as a matter of law,[8] Mr. Cox's claim that trial counsel was ineffective for failing to investigate the serial number of the bike allegedly stolen in the robbery (the serial number was provided by the Commonwealth during discovery), and for failing to present exculpatory evidence at trial about this serial number.

Cox's Brief at 6.

This Court's standard for reviewing the dismissal of PCRA relief is well settled:

Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

**Commonwealth v. Staton**, 184 A.3d 949, 954 (Pa. 2018) (internal citations and quotations omitted).

To prevail on a claim of ineffective assistance of counsel, a petitioner must establish that: (1) the underlying issue has arguable merit, (2) counsel's actions or inactions lacked a reasonable basis; and (3) counsel's actions or inactions resulted in actual prejudice. **See Commonwealth v. Chmiel**, 30 A.3d 1111, 1127 (Pa. 2011). Prejudice requires proof that but for counsel's unprofessional errors, a reasonable probability exists that the trial result

---

[8] In conjunction with his claim that the PCRA court erred when denying his PCRA petition as a matter of law, Cox argues he was entitled to an evidentiary hearing. **See** Cox's Brief at 11.

would have been different. *See Commonwealth v. Johnson*, 966 A.2d 523, 533 (Pa. 2009). "Failure to establish any prong of the test will defeat an ineffectiveness claim." *Commonwealth v. Smith*, 995 A.2d 1143, 1151 (Pa. 2010) (internal citation omitted).

A PCRA petitioner has "no absolute right to an evidentiary hearing on a . . . petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008) (internal citation omitted); *see also* Pa.R.Crim.P. 907(1). We review a PCRA court's decision to dismiss a petition without a hearing under an abuse of discretion standard. *See Commonwealth v. Brown*, 196 A.3d 130, 192-93 (Pa. 2018) (internal citation omitted).

Cox claims trial counsel was ineffective for failing to investigate the serial number of the bicycle the Commonwealth introduced into evidence. Cox argues trial counsel failed to conduct a reasonable investigation into the serial numbers associated with the bicycle found in Cox's possession. Cox contends that if trial counsel discovered and informed the jury that the serial number on the bicycle was not associated with a Redline bicycle, the jury could have found reason to doubt the Commonwealth's evidence that Cox stole the bicycle from Gibson. Cox thus asserts he raised issues of material fact to warrant a new PCRA evidentiary hearing or a new trial.

The PCRA court explained it dismissed Cox's petition because Cox failed to establish the discrepant serial numbers on the police paperwork had a

material impact on the trial. *See* PCRA Court Opinion, 3/27/23, at 6. The court reasoned the existence of the stolen bicycle was not in question, because both Gibson and Officer Davis identified the bicycle at trial, and the serial number was not used to establish Gibson's ownership of the bicycle. *See id*. at 7.

We conclude the PCRA court properly dismissed Cox's claims without an evidentiary hearing. To the extent Cox asserts he established doubt that the bicycle shown to the jury was Gibson's bicycle, that claim, as discussed by the PCRA court, is frivolous. Gibson identified the bicycle depicted in Commonwealth's Exhibit 8, as the bicycle that Cox took from him, and Officer Davis testified Commonwealth's Exhibit 8 showed the bicycle he saw Cox riding before he detained Cox. *See* N.T., 1/21/15, at 42 (indicating Gibson's identification of his Redline bicycle), 103-04 (indicating Officer Davis's identification of the Redline bicycle he saw Cox riding); *see also* Commonwealth's Exhibit 8.

To the extent Cox contends that the bicycle shown in Commonwealth's Exhibit 8 was not, as Gibson testified, a Redline bicycle or a search of the serial numbers would have cast doubt on the evidence that Cox stole the bicycle, we discern no record support for Cox's claim of prejudice. Gibson and Officer Davis described the bicycle as a Redline. *See* N.T., 1/21/15, at 42, 104. Commonwealth's Exhibit 8 showed the bicycle had Redline logos on its frame. *See* Commonwealth's Exhibit 8. Gibson noted he purchased the bicycle at a "Goodwill/flea market type thing" and then customized it with

spare parts, including the rims, tires, seat post, seat, pedals, neck, and bars. *See id*. at 43. Gibson testified without hesitation that Cox was the person who threatened to shoot him and his dog and then entered his home and took the bicycle. *See id*. at 24, 43, 45, 103. Thus, any value in using the serial numbers to show the bicycle was not a Redline or impeach Gibson's testimony that Cox stole the bicycle was *de minimis* and would not have affected the outcome of the trial.

In sum, having reviewed the record, Cox's issue in this appeal, and the PCRA court's reasons for dismissing Cox's PCRA petition, we agree with the PCRA court that Cox did not raise a genuine issue of material fact meriting a PCRA evidentiary hearing or a new trial. *See Smith*, 995 A.2d at 1151; *Jones*, 942 A.2d at 906. Accordingly, we affirm the PCRA court's order dismissing Cox's petition. *See Staton*, 184 A.3d at 954.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/30/2023