J-S03029-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARIO RAMON TORO COTTE | : | |
| | : | |
| Appellant | : | No. 328 MDA 2025 |

Appeal from the PCRA Order Entered February 11, 2025
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000934-2022

BEFORE:  DUBOW, J., BECK, J., and LANE, J.

MEMORANDUM BY BECK, J.:                    **FILED: APRIL 15, 2026**

Mario Ramon Toro Cotte ("Cotte") appeals pro se from the order filed by the York County Court of Common Pleas denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Cotte argues that his suppression motion was improperly dismissed and raises various claims of ineffective assistance of counsel.  We affirm.

This Court previously set forth the relevant facts and procedural history:

On December 7, 2021, Pennsylvania State Troopers conducted a traffic stop of a minivan operated by Cotte.  During the stop, the troopers seized fentanyl and marijuana.  The Commonwealth subsequently charged Cotte with [one count each of possession with intent to deliver a controlled substance, possession of a small amount of marijuana, unauthorized use of an automobile, general lighting requirements, and driving while operating privileges suspended—DUI related].  On April 7, 2022, Cotte filed a pretrial motion to suppress the evidence seized during the traffic stop.  On

---

[1] 42 Pa.C.S. §§ 9541-9546.

May 16, 2022, and July 8, 2022, the suppression court held hearings on the motion.…

[The charges] resulted from a traffic stop conducted by Pennsylvania State Troopers Dylan Adams and Ryan Wildermuth on December 7, 2021, at approximately 11:46 p.m. in Craley, York County, Pennsylvania.

Trooper Adams observed [Cotte] driving a green Chevy Uplander with an inoperable registration plate lamp. Trooper Adams testified that he followed [Cotte] and turned off his own headlights to verify that [Cotte's] registration plate light was not working. Trooper Adams initiated his lights and siren and conducted a traffic stop. Upon approaching [Cotte], Trooper Adams smelled the odor of marijuana and alcohol emanating from the vehicle. [Cotte] was unable to produce a valid driver's license and admitted to the Trooper that his license was suspended – DUI related. Trooper Adams later confirmed this fact by reviewing [Cotte's] certified driving record from his patrol vehicle.

[Cotte] requested to exit the vehicle and check the registration plate light. Trooper Adams agreed but inquired whether [Cotte] had any weapons on his person. [Cotte] pulled up his shirt and Trooper [Adams] immediately noticed a bulge in [Cotte's] coat pocket. Upon inquiry to [Cotte], [Cotte] responded that it was a bag of candy. [Cotte] removed the bag from his pocket and turned to place it in [the] vehicle. For safety purposes, Trooper Adams asked to see the bag and [Cotte] handed the bag to Trooper Adams. Trooper Adams testified that[,] based on his training and experience[,] he immediately felt bundled glassine bags in the plastic bag and suspected that the bag contained heroin. Trooper Adams opened the black bag and indeed found multiple bags of the suspected contraband.

Trooper Adams then placed [Cotte] under arrest and provided **Miranda**[**v. Arizona**, 384 U.S. 436 (1966)] warnings to [Cotte]. Trooper Adams then applied for a search warrant for [Cotte's] vehicle, which was authorized. Upon execution of the search warrant[, five vials containing marijuana were] discovered in the vehicle….

On July 26, 2022, the suppression court denied [Cotte]'s suppression motion. The suppression court determined that [Cotte]'s evasiveness, in response to Trooper Adams'[] initial

- 2 -

inquiry about the bag, provided reasonable suspicion to support the trooper's investigatory detention. The suppression court also deemed discovery of the contraband inevitable because [Cotte] admitted his license was suspended and thus could not have been permitted to drive away from the scene.

Following a stipulated bench trial, the trial court convicted [Cotte] of the above offenses. On April 10, 2023, the trial court imposed an aggregate sentence of 7 to 14 years in prison.

***Commonwealth v. Cotte***, 317 A.3d 606, 2024 WL 1209227, **1-2 (Pa. Super. 2024) (non-precedential decision) (citations omitted).

On appeal, Cotte raised various arguments, including that the trial court erred in denying his suppression motion. This Court affirmed the judgment of sentence. ***See id.*** at *6

On August 16, 2024, Cotte filed pro se a timely PCRA petition. The PCRA court appointed Cotte counsel. PCRA counsel subsequently filed a motion to withdraw representation pursuant to ***Turner/Finley***.[2] The PCRA court issued a notice of intent to dismiss without a hearing pursuant to Pa.R.Crim.P. 907. On February 11, 2025, the PCRA court granted PCRA counsel's motion to withdraw and denied the PCRA petition. Cotte filed this timely appeal.

On March 6, 2025, the PCRA court ordered Cotte to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one days. On April 28, 2025, the PCRA court received a letter from Cotte indicating he had not received an order directing the filing of the

---

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988).

concise statement. On April 29, 2025, the PCRA court again sent the order. However, on May 2, 2025, the PCRA court issued a Rule 1925(a) opinion, indicating Cotte's failure to timely file a concise statement. On May 13, 2025, Cotte filed his Rule 1925(b) concise statement. Subsequently, Cotte filed an application for remand with this Court requesting the opportunity to file a timely Rule 1925(b) concise statement based on a breakdown of court operations. On May 28, 2025, this Court granted the application and remanded the record to the PCRA court for the entry of a new Rule 1925(b) order and a supplemental opinion. Order, 5/28/2025 (per curiam). Following remand, the PCRA court ordered a new concise statement, and Cotte timely filed. Subsequently, the PCRA court issued an opinion.

On appeal, Cotte raises the following questions for our review:

I. Did the suppression court err when it dismissed Cotte's suppression motion, in that Cotte [pled] and proved[] by witness testimony and demonstrative evidence, that the officer lacked probable cause to effectuate a traffic stop as a pretext to conduct an illegal search of Cotte's person and property?

II. Was trial counsel ineffective for failing to object to the police officer's testimony at trial and for failing to file a motion to suppress the testimony based on **Commonwealth v. Shabezz**, [166 A.3d 278 (Pa. 2017),] which held that the court rejected those portions of the police officer's testimony that was contradicted by or omitted from, the officer's contemporaneously-prepared police report?

III. Was counsel ineffective for failing to file a motion for extraordinary relief after the denial of the suppression evidence by the trial court to preserve these issues for the future appeal in that it violates Cotte's right to due process

- 4 -

and his Sixth Amendment right to ineffective assistance of counsel?

IV.   Was Cotte['s] counsel ineffective when she failed to seek to amend Cotte's PCRA petition in light of the ruling in **Commonwealth v. Alexander**, 243 A.3d 177, 188 (Pa. 2020)?

Cotte's Brief at 12-13 (unpaginated; unnecessary capitalization omitted).

**Suppression Motion**

In his first claim, Cotte contends that the trial court erred in denying his suppression motion. **Id.** at 15, 26. Cotte argues that Officer Adams lacked probable cause to effectuate the traffic stop. **Id.** at 15, 16-17, 18-20, 21. He claims the officer used the stop as a pretext to search his person and vehicle. **Id.** at 15, 21-24, 25-26.

To be eligible for relief, a PCRA petitioner must plead and prove that "the allegation of error has not been previously litigated or waived." 42 Pa.C.S. § 9543(a)(3). "[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." **Id.** § 9544(b). Further, to be cognizable under the PCRA, the petitioner must raise a claim that the conviction or sentence was the result of one (or more) of the following:

(i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining

- 5 -

process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

\* \* \*

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

***Id.*** § 9543(a)(2).

A claim that the trial court erred by denying a motion to suppress is not cognizable under the PCRA. ***See id.***; ***see also Commonwealth v. Flores-Gil***, 341 A.3d 74, 2025 WL 1304881, \*4 (Pa. Super. 2025) (non-precedential decision) ("A direct challenge to a suppression ruling is not cognizable under the PCRA").[3] Further, although Cotte only challenged the search of the bag on direct appeal, ***see Cotte***, 317 A.3d 606, at \*\*2-5, he could have raised this claim on direct appeal, but failed to do so, rendering it waived. ***See*** 42 Pa.C.S. § 9544(b). Thus, Cotte's claim challenging the trial court's denial of

_____

[3] ***See*** Pa.R.A.P. 126(b)(1) (permitting non-precedential decisions filed by the Superior Court after May 1, 2019 to be cited for persuasive value).

his motion to suppress is ineligible for PCRA relief.  ***See id.*** §§ 9543(a)(3), 9544(b).

**Ineffective Assistance of Counsel Claims**

Preliminarily, although Cotte raised his ineffective assistance of trial counsel claims in his PCRA petition, he failed to raise them in his Rule 1925(b) concise statement.  "[A]ny issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review."  ***Commonwealth v. Snyder***, 316 A.3d 178, 181 (Pa. Super. 2024) (citation omitted); ***see also*** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement ... are waived."). Although Cotte is pro se on appeal, he is "subject to the same rules of procedure as are represented defendants."  ***Snyder***, 316 A.3d at 181. Importantly, the PCRA court's Rule 1925(b) concise statement informed Cotte of all required information, including that "[a]ny issue not properly included in the Statement and served pursuant to Pa.R.A.P. 1925(b) shall be deemed waived."  Order, 6/2/2025, at 2.  Therefore, Cotte waived these claims.

Nevertheless, they do not entitle him to relief even if preserved.  "Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error."  ***Commonwealth v. Staton***, 184 A.3d 949, 954 (Pa. 2018) (citation omitted).  "We are bound by any credibility determinations made by the PCRA court where they are supported

by the record. However, we review the PCRA court's legal conclusions de novo." *Id.* (citations omitted).

Failure to object to testimony

Cotte contends that trial counsel was ineffective for failing to object to the troopers' testimony related to facts that were not included in their "contemporaneously prepared police reports and was not included in the testimony at the preliminary hearing." Cotte's Brief at 27. More specifically, according to Cotte, the troopers testified that the reason they searched the bag without a warrant was for officer safety, but this was not included in the police report. *Id.* at 26-27. He relies on *Shabezz* to support the proposition that any testimony omitted from the contemporaneous police reports must be rejected. *Id.* at 28. Cotte claims that he has met the three prongs of the ineffectiveness test, noting that the testimony relating to officer safety should have been suppressed based on *Shabezz*, counsel had no reasonable basis for failing to object/seek to suppress this testimony, and he suffered clear prejudice because the suppression motion would have been granted without testimony presented related to officer safety. *Id.* at 30-32.

> [C]ounsel is presumed to have been effective and that the petitioner bears the burden of proving counsel's alleged ineffectiveness. To overcome this presumption, a petitioner must establish that: (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or omission; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance, that is, [there is] a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different. A PCRA petitioner must address each of these prongs on appeal. A

petitioner's failure to satisfy any prong of this test is fatal to the claim.

***Commonwealth v. Alceus***, 315 A.3d 853, 859 (Pa. Super. 2024) (cleaned up).

The PCRA court addressed this claim in its Rule 907 notice, rejecting it for the following reasons:

> It is well settled that in Pennsylvania it is the exclusive province of the trier of facts to pass upon the credibility of witnesses and the weight to be accorded their testimony. In ***Shabezz***, the suppression court expressly "found certain testimony from the officers to be untruthful." [***Shabezz***, 166 A.3d at 282.] However here, unlike in ***Shabezz***, this Court specifically found Trooper Adams' testimony credible and that he had a reasonable basis to conduct the traffic stop. [Trial Court Opinion, 7/26/2022, at 5.] As a result, [Cotte's] claim is without merit.

Rule 907 Notice, 1/13/2025, at 8 (citation and some quotation marks omitted).

We find no abuse of discretion. Contrary to Cotte's claim, ***Shabezz*** does not stand for the proposition that police testimony must be consistent with a written report of the interaction or incident in question. To the contrary, in ***Shabezz***, the suppression court simply disbelieved the officer's testimony, which was inconsistent with his written report. ***See Shabezz***, 166 A.3d at 284. The propriety of the suppression court's decision in that respect was not at issue before the Supreme Court at all[4]; as our High Court recognized, it

_____

[4] The Supreme Court "granted allowance of appeal to consider the following issue: 'Does the Fourth Amendment entitle a defendant to suppress the fruits

*(Footnote Continued Next Page)*

- 9 -

was this Court which "held that the record supported the trial court's decision to disbelieve [the officer's] testimony and to credit the facts set forth in the incident reports instead." *Id.* The Court merely indicated that a credibility determination was made by the suppression court in that case; it issued no holding to support Cotte's contention that any testimony from an officer at a suppression hearing must match the statements in a contemporaneous police report. As Cotte's ineffectiveness claim is strictly premised on his erroneous interpretation of *Shabezz*, we conclude that his claim is without merit.

### Failure to file Motion for Extraordinary Relief

Next, Cotte contends that trial counsel was ineffective for failing to file a motion for extraordinary relief after the trial court denied his suppression motion to preserve claims related to *Alexander* for appeal.[5] Cotte's Brief at 32. Cotte argues that if counsel had raised *Alexander* to establish no exigent circumstances existed to support the search, his motion to suppress would have been granted. *Id.* at 32-37. According to Cotte, exigent circumstances were never discussed at the time the motion to suppress was decided, but such a discussion became necessary under *Alexander*. *Id.* at 33. He claims

---

of a search where it is undisputed that he had no privacy interest in the area searched?'" *Shabezz*, 166 A.3d at 284 (quoting *Commonwealth v. Shabezz*, 141 A.3d 1286 (Pa. 2016) (*per curiam*)).

[5] In *Alexander*, our Supreme Court held that Article I, Section 8 of the Pennsylvania Constitution requires a showing of both probable cause and exigent circumstances to justify a warrantless search of an automobile. *Alexander*, 243 A.3d at 181, 207.

the record indicates that "there was no exigency or impediment to the officers obtaining a proper warrant." *Id.* Cotte asserts that counsel had no reasonable basis for failing to file the motion for relief and that he was prejudiced by counsel's inaction, as the evidence would have been suppressed. *Id.* at 35-36.

Cotte has not established counsel was ineffective for failing to file a motion for extraordinary relief. At the outset, we note that **Alexander** was decided before the events of this case and the suppression hearing. Therefore, **Alexander** could have been raised at the suppression hearing, and would not have served as a basis for a motion for extraordinary relief. **See** Pa.R.Crim.P. 704, cmt. ("It would be appropriate for counsel to move for extraordinary relief, for example, when there has been a change in case law, or, in a multiple count case, when the judge would probably grant a motion in arrest of judgment on some of the counts post-sentence.").

To the extent Cotte claims that counsel was ineffective for failing to raise **Alexander** in the suppression motion and at the hearing, this has no arguable merit. Unlike **Alexander**, this case did not involve the warrantless search of an automobile, and instead involved a **Terry**[6] search of Cotte and the bag in his pocket. Nothing in **Alexander** prohibits such a search. Further, this Court previously concluded that the trial court did not err in finding that Trooper

_____

[6] **Terry v. Ohio**, 392 U.S. 1 (1968).

Adams had "reasonable suspicion to inspect the bag." **Cotte**, 317 A.3d 606, at *5. In light of the foregoing, even if he did not waive the claim, Cotte's ineffectiveness claim would be without merit.

PCRA counsel

Lastly, Cotte contends that his PCRA counsel was ineffective for failing to amend the PCRA petition to include a claim related to **Alexander**. Cotte's Brief at 37-44.

Our Supreme Court held that the proper procedure for enforcing the right to effective PCRA counsel is by "allowing a petitioner to raise claims of ineffective PCRA counsel at the first opportunity [(after obtaining new counsel or proceeding pro se)], even if on appeal." **Commonwealth v. Bradley**, 261 A.3d 381, 405 (Pa. 2021).

> In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter. Consistent with our prior case law, to advance a request for remand, a petition would be required to provide more than mere boilerplate assertions of PCRA counsel's ineffectiveness; however, where there are material facts at issue concerning claims challenging counsel's stewardship and relief is not plainly unavailable as a matter of law, the remand should be afforded.

**Id.** at 402 (citations, brackets, and quotation marks omitted). In other words, "appellate courts will have the ability to grant or deny relief on straightforward claims, as well as the power to remand to the PCRA court for the development of the record." **Id.** at 403.

- 12 -

Cotte has not established each prong of the ineffectiveness test, and instead presents a bald allegation of PCRA counsel's ineffectiveness. Based on our discussion above, **Alexander** has no applicability to this case, Cotte has not demonstrated that PCRA counsel was ineffective for failing to amend his PCRA petition. **See Commonwealth v. Epps**, 240 A.3d 640, 645 (Pa. Super. 2020) ("Counsel cannot be found ineffective for failing to raise a baseless or meritless claim.") (citation omitted); **Bradley**, 261 A.3d at 402 (noting that boilerplate allegations of ineffectiveness do not entitle a petitioner to relief).

Order affirmed.


Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary


Date: 04/15/2026