J-S07013-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                      : PENNSYLVANIA
                                                      :

              v.                           :
                                                       :

DENZEL SALADEEN NICHOLS        :
                                                     :

           Appellant            : No. 833 MDA 2024

Appeal from the PCRA Order Entered January 9, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0005099-2020

BEFORE: NICHOLS, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY NICHOLS, J.:              **FILED JULY 10, 2025**

Appellant Denzel Saladeen Nichols appeals from the order denying his timely first Post Conviction Relief Act[1] (PCRA) petition. On appeal, Appellant argues that trial counsel was ineffective. Following our review, we affirm.

A prior panel of this Court summarized the underlying facts of this matter as follows:

> In the summer of 2017, then 21-year-old Appellant had been spending time with several fourteen year-old middle school students, including one boy, J.Y., and two girls, A.A. and the eventual victim in this case, O.J. N.T. at 89-91, 133. One evening, O.J. was planning to sleep over A.A.'s house, when the two texted J.Y. and asked if he and Appellant wanted to get together. N.T. at 92. Appellant picked up J.Y. and drove over to A.A.'s house, where the girls entered Appellant's car.
>
> Appellant supplied marijuana for everyone to smoke, and he later stopped at his apartment to get money to purchase alcohol, but

---

[1] 42 Pa.C.S. §§ 9541-9546.

he returned saying he was unable to find his cash. N.T. at 72. [Appellant] drove back to J.Y's parent's house, however, and J.Y. was able to secret a half-full bottle of vodka to the car. The four drove to a nearby park, where O.J., A.A., and Appellant drank from the bottle while sitting underneath a walking bridge in the park. N.T. at 95.

The girls quickly became inebriated. N.T. at 95. Appellant and O.J. began to kiss, and A.A. attempted unsuccessfully to stop them, with O.J. telling her to "chill out." N.T. at 135. The group eventually decided to leave the park and drive to A.A.'s house since A.A.'s mother would be at her place of employment all night. J.Y. noted that O.J. needed help walking back to Appellant's car because she was already "drunk." N.T. at 75.

According to the three middle school friends, O.J. sat in the front seat during the drive back to A.A.'s house, and they all recalled Appellant reaching over to O.J. and placing his hand between her thighs. N.T. at 76, 97-98, 136-37. Specifically, A.A. testified that O.J. asked Appellant to place his hand down her pants, N.T. at 137, while O.J. remembered only that Appellant had done so and went so far as to insert his finger inside her vagina. N.T. at 98.

Once back at A.A.'s house, an inebriated O.J. became "erratic," speaking loudly and, at one point, returning to the living room completely "unclothed." N.T. at 77, 140. A.A. recalled that Appellant and O.J. had gone into A.A.'s bedroom while she went to the bathroom. When A.A. exited the bathroom, she saw J.Y. standing in front of the bedroom door, and she tried to no avail to gain entry. N.T. at 137. During that time, she heard Appellant yell directions to J.Y. to keep A.A. out of the bedroom. N.T. at 137-38.

Sometime later, Appellant emerged from the bedroom and said to J.Y., "She's waiting for you." N.T. at 79. J.Y. went to the room and saw O.J. undressed, lying on the bed, either asleep or passed out. N.T. at 80. J.Y. asked Appellant for a ride home, and the two left A.A.'s house, with Appellant appearing in a good mood. N.T. at 80.

A.A. entered her bedroom and found O.J. passed out on the bed. N.T. at 138. The next morning, she confronted O.J. about her episode with Appellant, but O.J. denied having sex. N.T. at 138. O.J. testified that she remembered nothing about the night at A.A.'s house. N.T. at 99. Her ability to recall was limited to when

she awoke the next morning lying in A.A.'s bed wearing only a bra. N.T. at 99.

Three years would elapse before O.J. discussed these events again. Specifically, in March 2020, she was undergoing hospitalization for mental health treatments when she shared the details of her encounter with Appellant. After agreeing to speak with police, she consented to a wiretap of a cellphone conversation with Appellant. N.T. at 101. Before the wiretap was arranged, however, Appellant contacted O.J. through Instagram. Their next communication, which was wiretapped, occurred through Facetime. During this conversation, Appellant admitted that he had sex with O.J. in the bedroom.[FN1]

> [FN1] The text conversation included O.J.'s lament to Appellant that he was old enough to know how drunk she was, that she was not in the right state of mind that night, and that he took advantage of her. When she stated, "That was my virginity that you took from me," Appellant replied, "I feel bad as well because I was informed you was a virgin. How you think I feel about that?" N.T. at 108.

By criminal information, Appellant was charged with one count of rape of an unconscious victim, 18 Pa.C.S. § 3122.1(a)(1), one count of aggravated indecent assault on person less than 16 years of age, 18 Pa.C.S. § 3125(a)(8), two counts of corruption of minors, 18 Pa.C.S. § 6301(a)(1)(i) and (ii), and one count of indecent assault on person less than 16 years of age, 18 Pa.C.S. § 3126(a)(8).

*Commonwealth v. Nichols*, 360 MDA 2022, 2022 WL 4590005, at *1-2 (Pa. Super. filed Sep. 30, 2022) (unpublished mem.). At the conclusion of Appellant's trial, a jury found Appellant guilty on all counts. *See id.* at *3. Appellant was classified as a sexually violent predator. *See id.* The trial court sentenced Appellant to an aggregate term of seven to fifteen years of incarceration. *See id.* On direct appeal, this Court affirmed Appellant's judgment of sentence. *See id.* at *6.

On August 23, 2023, Appellant filed a timely counseled PCRA petition. On December 12, 2023, the PCRA court notified Appellant of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907, and on January 9, 2024, the PCRA court dismissed Appellant's PCRA petition. Thereafter, Appellant filed a timely appeal.[2]  Both the PCRA court and Appellant complied with Pa.R.A.P. 1925.[3]

---

[2] Although Appellant was represented by counsel when he filed his *pro se* notice of appeal on February 1, 2024, the general prohibition against hybrid representation does not apply to a timely *pro se* notice of appeal. **See Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa. Super. 2016) (explaining that because a notice of appeal protects constitutional rights, it is distinguishable from other filings that require counsel, and this Court is required to docket a *pro se* notice of appeal despite the appellant being represented by counsel).  However, while the Lancaster County Clerk of Court indicated on the docket that the *pro se* notice of appeal was filed on February 1, 2024, it did not enter the notice of appeal on the docket, and it instead forwarded the *pro se* filing to Appellant's counsel.  **See** Pa.R.Crim.P. 576 Notice, 2/1/24.  Appellant's counsel filed a motion in the PCRA court arguing the application of **Williams** and asserted that Appellant's *pro se* notice of appeal should have been entered on the docket and deemed a timely filed notice of appeal.  Motion, 6/3/24.  In an order filed on June 11, 2024, the PCRA court agreed, and Appellant's notice of appeal was entered on the docket.  Order, 6/11/24.  Because Appellant's *pro se* notice of appeal was timely filed, we conclude that appellate jurisdiction is properly before this Court. **See Williams**, 151 A.3d at 624.  Further, we note that after Appellant filed his *pro se* notice of appeal, the PCRA court held a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).  Following the **Grazier** hearing, Appellant chose to proceed with counsel, and counsel filed Appellant's Rule 1925(b) statement and appellate brief.

[3] In its Pa.R.A.P. 1925(a) opinion, the PCRA court stated that the rationale for its decision was set forth in its December 12, 2023 Pa.R.Crim.P. 907 notice of intent to dismiss, and it incorporated the Rule 907 notice by reference.  **See** PCRA Ct. Op., 7/11/24, at 1.

On appeal, Appellant raises the following issues:

1. Whether [Appellant] received ineffective assistance of trial counsel for failure to argue violation of the **Opper**[4] rule.

2. Whether [Appellant] received ineffective assistance of counsel for failure to argue the warrantless entry of [Appellant's] cell phone was unconstitutional.

Appellant's Brief at 2 (formatting altered).

In reviewing an order denying a PCRA petition, our standard of review is well settled:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

**Commonwealth v. Staton**, 184 A.3d 949, 954 (Pa. 2018) (citation and quotation marks omitted). A PCRA petitioner "has the burden to persuade this Court that the PCRA court erred and that such error requires relief." **Commonwealth v. Wholaver**, 177 A.3d 136, 144-45 (Pa. 2018) (citations omitted). Further, we note that:

> Counsel is presumed to be effective and it is a petitioner's burden to overcome this presumption by a preponderance of the evidence. To succeed on a claim of ineffective assistance of counsel, a petitioner must establish three criteria: (1) that the underlying claim is of arguable merit; (2) that counsel had no reasonable basis for his or her action or inaction; and (3) that

---

[4] **Opper v. United States**, 348 U.S. 84 (1954).

- 5 -

petitioner was prejudiced as a result of the complained-of action or inaction. The failure to satisfy any one of these criteria is fatal to the claim. To establish prejudice in the context of this standard, a petitioner must establish that there is a reasonable probability that the result of the proceeding would have been different but for the complained-of conduct.

*Commonwealth v. Thomas*, 323 A.3d 611, 620-21 (Pa. 2024) (citations omitted). Finally, it is well settled that counsel is not ineffective for failing to raise a meritless claim. *See Commonwealth v. Spotz*, 896 A.2d 1191, 1210 (Pa. 2006).

In his first issue, Appellant argues that trial counsel was ineffective for failing to argue that *Opper* applied. Appellant's Brief at 7. Appellant contends that the *Opper* decision "precludes the admission of extrajudicial statements of a defendant without independent corroboration establishing the trustworthiness of the statements." *Id.*

After review, we conclude that Appellant failed to develop any argument addressing the prejudice prong of the test for ineffective assistance of counsel and fails to explain why there is a reasonable probability that if counsel had raised this issue, the result of the proceeding would have been different. *See Thomas*, 323 A.3d at 621 (providing that the failure to satisfy any one of the prongs of the test for ineffective assistance of counsel is fatal to the claim). With respect to the prejudice prong, Appellant states merely that "[b]ut for the trial attorney's failure to investigate the facts, and raise appropriate objections, the outcome would have been acquittal or a hung jury." Appellant's Brief at 9. We note that "boilerplate allegations and bald

assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective." *Commonwealth v. Sandusky*, 203 A.3d 1033, 1044 (Pa. Super. 2019) (citation omitted and some formatting altered); *see also Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. 2014) (stating that when a petitioner "fails to meaningfully discuss each of the three ineffectiveness prongs, he is not entitled to relief, and we are constrained to find such claims waived for lack of development") (citations omitted and formatting altered)).  Accordingly, we conclude that Appellant's first issue is waived for lack of development.  *See Fears*, 86 A.3d at 804.[5]

Next, Appellant argues that trial counsel was ineffective for failing to argue that the warrantless search of Appellant's cell phone was unconstitutional.  *See* Appellant's Brief at 9-10.

Although Appellant argues this issue as a claim of ineffective assistance of counsel, the issue Appellant raised in his PCRA petition was as follows:

> [Appellant's] cell phone was opened without a warrant in violation of Article I, Section 8 of the PA Constitution, and *Commonwealth v. Fulton*, 179 A.3d 475 (Pa. 2018).  Police opened [Appellant's] phone using Passlock Code 1593 which was not provided by [Appellant].  Use of information derived from the warrantless search of the cell phone violated . . . the Constitution of PA.  The search was not harmless error because it provided the only evidence of the charged crimes.

PCRA Pet., 8/23/23, at 2-3 (some formatting altered).

---

[5] In any event, were we to reach the merits of Appellant's first issue, we would affirm based on the reasoning set forth in the PCRA court's Rule 907 notice of intent to dismiss.  *See* Pa.R.Crim.P. 907 Notice, 12/12/23, at 3-7.

The PCRA court addressed this issue as follows:

In his next issue [Appellant] alleges law enforcement opened his cell phone without his consent or a warrant and asserts the action was not harmless as all evidence introduced at trial was extracted from his cell phone. [PCRA Pet.] at [2-]3. It is unclear from [Appellant's] filings whether [he] is making a claim for unlawful search and seizure by law enforcement or an ineffective assistance of counsel claim for trial counsel's failure to assert that the search was illegal. If [Appellant] is asserting a constitutional claim for an illegal search and seizure by law enforcement, the issue has been waived. "[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b). At no point before trial, during trial, or on appeal did [Appellant] raise the issue of a search of his cell phone and [Appellant] cannot raise the issue for the first time on PCRA review.

Pa.R.Crim.P. 907 Notice, 12/12/23, at 7 (some formatting altered).

We agree with the PCRA court that, to the extent that Appellant is attempting to challenge the constitutionality of the search of his phone on collateral review, that issue is waived. Under the PCRA, in order to be eligible for relief, a PCRA petitioner must establish "[t]hat the allegation of error has not been previously litigated or waived." 42 Pa.C.S. § 9543(a)(3). "[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b). Here, Appellant failed to raise a challenge to the search of his phone at trial or on direct appeal, and therefore, Appellant waived his challenge to the search of his phone.

In any event, to the extent that Appellant raises this issue as a claim that trial counsel was ineffective for failing to challenge the search of his

phone, we conclude that Appellant waived this claim on appeal by failing to develop any argument that he suffered prejudice as a result of this alleged error. In his brief, Appellant provides only a boilerplate statement of prejudice asserting "[t]here was a reasonable probability that if the defense counsel had objected to the warrantless search of [Appellant's] cell phone, the outcome would have been different." Appellant's Brief at 11. As stated above, such boilerplate allegations cannot satisfy the petitioner's burden to prove that counsel was ineffective. *See Sandusky*, 203 A.3d at 1044; *Fears*, 86 A.3d at 804. Here, Appellant fails to develop any argument establishing the prejudice prong of the test for ineffective assistance of counsel and fails to explain why there is a reasonable probability that if counsel had raised this issue, the result of the proceeding would have been different. *See Thomas*, 323 A.3d at 621. Accordingly, we conclude that Appellant's second issue is waived based on his failure to challenge the search in the trial court or on direct appeal and his failure to develop the issue as an ineffectiveness claim. *See* 42 Pa.C.S. § 9544(b); *Fears*, 86 A.3d at 804.[6]

For the reasons stated above, we conclude that Appellant waived his issues and is not entitled to relief. Accordingly, we affirm the order denying Appellant's PCRA petition.

Order affirmed. Jurisdiction relinquished.

---

[6] Were we to reach the merits of Appellant's second claim of error, we would affirm based on the reasoning set forth in the PCRA court's Rule 907 notice of intent to dismiss. *See* Pa.R.Crim.P. 907 Notice, 12/12/23, at 7-9.

- 9 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/10/2025