J-S04032-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT FLOOD | : | |
| | : | |
| Appellant | : | No. 796 EDA 2025 |

Appeal from the PCRA Order Entered February 27, 2025
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0002559-2018

BEFORE: LAZARUS, P.J., STABILE, J., and NEUMAN, J.

MEMORANDUM BY NEUMAN, J.: **FILED APRIL 7, 2026**

Appellant, Robert Flood, appeals from the post-conviction court's February 27, 2025 order denying his timely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

As this Court previously explained, Appellant's

> case arises out of sexual assaults in 2017 and early 2018 on a 16-year-old boy (Minor 1) and two 14-year-old boys (Minor 2 and Minor 3) at Devereux Behavioral Health (Devereux), a residential facility that provides mental health and behavioral treatment to boys who are placed there either by court order or by their families.

***Commonwealth v. Flood***, No. 2274 EDA 2020, unpublished memorandum at 1-2 (Pa. Super. filed Oct. 12, 2021). "Appellant was employed by Devereux at the time and supervised all three victims. In 2018, Appellant was charged with numerous counts of institutional sexual assault of a minor, unlawful contact with a minor, corruption of minors, endangering the welfare of

children, and other sexual offenses." *Id.* at 2. All three victims testified at Appellant's jury trial, detailing numerous instances of abuse Appellant inflicted upon them at Devereaux. *See id.* at 1-5. Minor 3 was also permitted to testify at trial about "sexual incidents at a party to which Appellant took him after he left Devereaux that were not acts on which the charges against Appellant were based." *Id.* at 2. Appellant testified in his own defense and denied he had any sexual contact with the victims. *Id.* at 7.

On September 6, 2019, the jury convicted Appellant of 11 counts of institutional sexual assault of a minor, 11 counts of unlawful contact with a minor, 3 counts of corruption of a minor, and 3 counts of endangering the welfare of a child.[1] The court sentenced Appellant on June 17, 2020, to an aggregate term of 8 years' and three months' to 22 years' incarceration, followed by 5 years' probation. Appellant filed timely, post-sentence motions, arguing, *inter alia*, a new trial was warranted "based on after-discovered evidence of a witness who worked at Devereux who would testify that there was a[n] atmosphere of false abuse allegations at Devereux." *Id.* at 9 (citation to the record omitted). The trial court denied Appellant's post-sentence motions and he timely appealed, after which this Court affirmed his judgment of sentence. *Id.* Our Supreme Court denied Appellant's petition for allowance of appeal on June 2, 2022. *Commonwealth v. Flood*, 279 A.3d 499 (Pa. 2022).

_____

[1] 18 Pa.C.S. §§ 3124.2(a.1), 6318(a)(1), 6301(a)(1)(ii), and 4304(a)(1), respectively.

- 2 -

On April 8, 2022, Appellant filed a timely, *pro se* PCRA petition. C. Curtis Norcini, Esq., was appointed to represent Appellant by order entered on April 12, 2022. On June 8, 2022, Attorney Norcini filed a praecipe to withdraw Appellant's April 8, 2022 petition. On August 10, 2022, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition. However, it does not appear the court entered a final order doing so.

On September 1, 2022, Appellant filed a second, *pro se* PCRA petition.[2] On September 26, 2022, the court issued an order, again appointing Attorney Norcini as Appellant's counsel. However, Attorney Norcini was later replaced as appointed counsel by Charles Thomas, Esq. On July 3, 2024, Attorney Thomas filed an amended PCRA petition. Therein, Appellant alleged he is entitled to a new trial based on after-discovered evidence. **See** Amended Petition, 7/3/24, at unnumbered 2 ¶ 10.

> Specifically, [Appellant] allege[d] that Kevin Endrick sent an unsolicited letter to former PCRA counsel, [Attorney] Norcini, … indicating that Mr. Endrick was a former resident of Devereaux at the time of these alleged offenses; that the alleged complainants of said offenses informed him prior to the reporting of charges that they intended to fabricate complaints against [Appellant] in an attempt to get [Appellant] fired; and that the complainants tried to recruit Mr. Endrick into being an additional complainant.

_____

[2] Although the PCRA court did not rule on Appellant's first petition prior to this filing, we have held "that PCRA courts are not jurisdictionally barred from considering multiple PCRA petitions relating to the same judgment of sentence at the same time[,] unless the PCRA court's order regarding a previously filed petition is on appeal and, therefore, not yet final." **Commonwealth v. Montgomery**, 181 A.3d 359, 365 (Pa. Super. 2018).

*Id.* at unnumbered 2 ¶ 11. Appellant attached to his amended petition a letter from Mr. Endrick to Attorney Norcini, in which Mr. Endrick stated, *inter alia*, Minor 1 "tried to get [Mr. Endrick] to go along with him and he said he wanted to get [Appellant] fired and he wanted to get released from the program." *Id.* at Attachment (Mr. Endrick's Letter).

The Commonwealth filed an answer to Appellant's amended petition on September 9, 2024. The PCRA court explained:

An evidentiary hearing was held on Monday, February 24, 2025. Mr. Endrick[,][3][] who was transported from SCI Rockview, testified under oath that he was a live-in student at Devereux from October 2017 to October 2018. During this time, he was housed in the same unit as [Minor] 1 and [Minor] 2 and participated on the basketball team with [Minor] 1. He discussed his relationship with the victims[,] stating he was friends with [Minor] 1 and had a physical altercation with [Minor] 2. Appellant supervised the unit that housed Mr. Endrick. He testified that the last day he saw Appellant at Devereux was the day he was arrested. Mr. Endrick told the court that he next saw Appellant was at SCI Coal Township, where they were both housed for a period of time.[4] Mr. Endrick stated, once he confirmed Appellant was who he thought he was, he went over to speak to him to find out why he was there and learned that it had something to do with allegations made by [Minors] 1 and 2. Mr. Endrick stated he then told Appellant that "it was all made up[.]"[] Mr. Endrick then, on his own, asked Appellant for his attorney's contact information and, according to Mr. Endrick, Appellant never asked him why he wanted it. Mr. Endrick testified he and Appellant never discussed the facts of the case, what was alleged that resulted in the conviction, [or] who testified against him. As Mr. Endrick began to talk about what he was told by [Minor] 1, the [Commonwealth] objected to the hearsay and[,] after an on the record conversation, wherein Appellant's counsel acknowledged it was hearsay being used for the truth of the matter asserted, the objection was sustained.

> [3] Mr. Endrick testified he is incarcerated due to a robbery and receiving stolen property conviction as well as a tampering with evidence charge. It is unclear from the

- 4 -

testimony when the convictions were entered but he testified he was presently serving time for the tampering with evidence charge[,] as he has completed his minimum on the robbery and receiving stolen property.

[4] He had been there several months prior to first seeing Appellant.

PCRA Court Opinion (PCO), 7/21/25, at 7-8 (some footnoted citations to the record omitted).

On February 27, 2025, the PCRA court issued an order dismissing Appellant's petition. Appellant filed a timely notice of appeal and complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court thereafter filed a Rule 1925(a) opinion. Herein, Appellant states three issues for our review, which we have reordered for ease of disposition:

1. Newly presented, pursuant to **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), PCRA counsel was ineffective in his failure to present the testimony of [Mr.] Endrick, as it was either not hearsay, or it was admissible under a hearsay exception, or both, and [Attorney] Thomas failed to argue that despite obtaining the evidentiary hearing.

2. The PCRA court erred in ruling the testimony of [Mr.] Endrick inadmissible as hearsay during the PCRA hearing when it was not offered for the truth of the matter asserted but to establish the scope and tenor of the proposed testimony at a possible retrial.

3. The Court erred in dismissing the petition[.]

Appellant's Brief at 8 (unnecessary capitalization omitted).

Initially, we note:

"In reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free of legal error." **Commonwealth v. Johnson**, …

966 A.2d 523, 532 ([Pa.] 2009). We pay great deference to the findings of the PCRA court, "but its legal determinations are subject to our plenary review." **Id.**

**Commonwealth v. Matias**, 63 A.3d 807, 810 (Pa. Super. 2013).

Appellant first argues his PCRA counsel, Attorney Thomas, was ineffective. As Appellant is currently represented by new counsel, we agree he may raise this claim for the first time on appeal pursuant to **Bradley**. **See Bradley**, 261 A.3d at 401 (holding "a PCRA petitioner may, after a PCRA court denied relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal") (footnote omitted). Additionally, the **Bradley** Court noted,

[i]n some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter.

**Id.** at 402 (citation omitted). Here, the record is sufficient for us to dispose of Appellant's ineffectiveness claim and, thus, remand is unnecessary.

Before reviewing Appellant's ineffectiveness argument, we recognize:

It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error. The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

*Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa. Super. 2010) (citations omitted).

Appellant maintains Attorney Thomas was ineffective for not adequately challenging the PCRA court's ruling that Mr. Endrick's testimony was inadmissible hearsay. Pennsylvania Rule of Evidence 801 defines hearsay, as follows:

> **(a) Statement.** "Statement" means a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion.
>
> **(b) Declarant.** "Declarant" means the person who made the statement.
>
> **(c) Hearsay.** "Hearsay" means a statement that
>
> > (1) the declarant does not make while testifying at the current trial or hearing; and
> >
> > (2) a party offers in evidence to prove the truth of the matter asserted in the statement.

Pa.R.E. 801. Pertinent to Appellant's argument herein, the comment to Rule 801 states, "Communications that are not assertions are not hearsay. These would include questions, greetings, expressions of gratitude, exclamations, offers, instructions, warnings, etc." Pa.R.E. 801 cmt.

Appellant contends the questions asked of Mr. Endrick by Minor 1 were not assertions, but were "inquiries." Appellant's Brief at 18. He argues

> [Attorney] Thomas sought to have Mr. Endrick testify that he was approached by [Minor] 1, and asked by [Minor] 1 to go along with him so they could (1) get [Appellant] fired and (2) [Minor] 1 could go home. Thus, there is no "statement" because there is no assertion[;] there is a question or an inquiry. [Minor] 1 is not being reported as making any assertion that [Appellant] deserves to be fired because of his conduct, or other implied assertions.

Applying the Rules of Evidence, and relevant interpreting caselaw, it is clear … [Attorney] Thomas had a valid and effective argument that Mr. Endrick's testimony was not hearsay[] [because] it was not an assertion.

*Id.* at 18-19 (citation to the record omitted).

Initially, Appellant cites no legal authority to support his argument. *See Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) ("When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities."). Additionally, the record does not support Appellant's claim that Mr. Endrick's testimony involved only inquiries by the minors. At the PCRA hearing, Mr. Endrick testified the minors were "going around trying to get --[,]" at which point the Commonwealth objected. N.T. Hearing, 2/24/25, at 22. In Mr. Endrick's letter, he claimed Minor 1 "tried to get [Mr. Endrick] to go along with him and he ***said he wanted to get [Appellant] fired and he wanted to get released from the program***." Amended Petition at Attachment (Mr. Endrick's Letter) (emphasis added). Given this language, Mr. Endrick was going to testify about assertions made by the minor(s). Thus, Appellant's claim Attorney Thomas should have argued Mr. Endrick's testimony would have been comprised of only inquiries lacks arguable merit.

Appellant also contends Attorney Thomas was ineffective for not arguing Appellant's trial counsel was ineffective for failing to call Mr. Endrick as a witness at trial.

> To establish that counsel was ineffective for failing to call a witness, [an a]ppellant must demonstrate that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

*Commonwealth v. Washington*, 927 A.2d 586, 599 (Pa. 2007). Appellant insists this trial-counsel-ineffectiveness claim would have been successful, as it "would not restrict the witness to only non-impeachment evidence," like the after-discovered-evidence test does. Appellant's Brief at 17. That test states:

> To be granted a new trial based on the basis of after-discovered evidence:
>
> > [The d]efendant must demonstrate that the evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

*Commonwealth v. Padillas*, 997 A.2d 356, 363 (Pa. Super. 2010) (brackets and citations omitted).

Instantly, the PCRA court found "[t]he sole purpose" of Mr. Endrick's testimony would be "to impeach the credibility of the victim(s)" and, therefore, Appellant failed to meet the third prong of the after-discovered-evidence test. PCO at 12. Appellant insists, had Attorney Thomas not solely raised an after-discovered-evidence claim, but also argued Appellant's trial counsel was ineffective for failing to call Mr. Endrick as a witness at trial, counsel

> could have shown (1) Mr. Endrick existed, (2) Mr. Endrick was available[,] as demonstrated by his appearance for the PCRA hearing, (3) trial counsel should have known of the witness, [as] he presented himself readily[,] … was a resident of Devereux,

[and] a reasonable investigation[2] could have revealed not only Mr. Endrick, but perhaps other residents as well who would be willing to testify to the inquiries made by [Minor] 1, (4) Mr. Endrick was available and would have testified on behalf of [Appellant], as made clear by [Mr. Endrick's] appearance at the PCRA hearing, [and] (5) the absence of this testimony prejudiced [Appellant]. [Attorney] Thomas would have had to develop the final prong of the test, he would have had to demonstrate that the absence of Mr. Endrick did cause prejudice. The prejudice is clear from the reference the trial court makes to the post-trial motions [Appellant] filed, [which] asserted there was a conspiracy among the youth at the facility to manufacture claims that would get them sent home[,] or disliked staff fired, or both. This assertion was totally unsupported by the record, but was the basis for requests by counsel at trial. The failure to present any evidence of this conduct[] would not allow the jury to consider the possible motive for making reports like those made by the victims in this matter. Further, the direct conversation of Mr. Endrick with the alleged [Minor] 1, is critical to the evaluation by the jury as to the credibility of [Minor] 1.

> [2] The PCRA court notes that Mr. Endrick testified that he was in fact interviewed together with other residents at the time of [Appellant's] arrest.

[Attorney] Thomas had a claim of arguable merit to present Mr. Endrick's testimony as ineffective assistance of counsel for failure to produce a witness, rather than narrowing the opening for Mr. Endrick's testimony into after-discovered evidence. There is nothing precluding the witness from being placed in the category of missing due to ineffective assistance of counsel, as the PCRA [petition] was otherwise timely and the evidence was readily available.

Appellant's Brief at 20-21 (unnecessary capitalization and citation to the record omitted).

Appellant has failed to demonstrate he was prejudiced by Attorney Thomas's failure to argue trial counsel's ineffectiveness for not calling Mr. Endrick as a witness at trial. As we concluded *supra*, Mr. Endrick's testimony about what the minor(s) said to him is inadmissible hearsay. Appellant

- 10 -

identifies no exception to the rule precluding hearsay that would permit Mr. Endrick's testimony to be admitted at trial, aside from his meritless argument Mr. Endrick's testimony involves inquiries, not assertions.[3]   Accordingly, Appellant cannot show the absence of Mr. Endrick's inadmissible hearsay testimony prejudiced him.

Additionally, Appellant ignores the PCRA court's determination that Mr. Endrick's proposed testimony is wholly incredible:

_____

[3] At the PCRA hearing, Attorney Thomas argued Mr. Endrick's statement would be admissible as a prior inconsistent statement by the victim, relying on this Court's decision in **Commonwealth v. Krick**, 67 A.2d 746 (Pa. Super. 1949). **See** N.T. Hearing, 2/24/25, at 5.  The PCRA court rejected Attorney Thomas's argument, **id.**, and elaborated on its decision in its opinion, as follows:

> Based on the … definition of hearsay, and as the concept is understood by the undersigned, the court specifically asked Appellant's counsel, in response to the Commonwealth's objection to Mr. Endrick's testimony, if he had an exception to the hearsay rule that would permit this evidence.  Counsel for Appellant indicated it was a "prior inconsistent statement" by the complainant which "indicates a willingness to fabricate the entire case essentially."  At that point, [c]ounsel for Appellant direct[ed] the undersigned to … **Krick**….  In **Krick**, the victim herself recanted her trial testimony, resulting in the court granting a new trial.  However, that is not an analogous situation to the one at bar.  The recantation does not come from one of the complainants, in fact, it is not a recantation at all, but a statement from a third party saying the allegations were a scheme to get Appellant fired.  Appellant cannot point the court to an exception to hearsay on prior inconsistent statements because there is not an exception.

PCO at 9 (footnoted citations to the record and unnecessary capitalization omitted).  Appellant does not develop any meaningful challenge to the court's determination that Mr. Endrick's testimony would not be admissible as a prior inconsistent statement.

[T]he letter written by Mr. Endrick, attached hereto as Exhibit A and has been admitted into the record by court Order,[13] is not credible, nor was the limited testimony which he was permitted to present in court. Mr. Endrick stated that he and Appellant did not speak about the details of the case when they encountered each other at SCI Coal Township. Yet, Mr. Endrick wrote[,] "It is my understanding that both of my former peers stated they were abused in a number of different places."[14] How would he know what was stated at trial if he had not spoken to … Appellant about it? He further states that "a number of us were interviewed about being abused by [Appellant] because [Minor 1] said we were." Yet, if he was interviewed at the time of the incidents, why did he not come forward with this crucial piece of information at that time? Mr. Endrick would like the court to believe Appellant knew nothing of his writing the letter and did not ask him any questions when Mr. Endrick asked Appellant for his attorney's address.

[13] The letter was repeatedly referenced and discussed during the hearing and Appellant never moved to admit it. It was admitted by court order dated July 8, 2025.

[14] Mr. Endrick also states in his letter that the complainants stated they were abused in either the laundry room and their bedrooms[,] which would be impossible. Again, the court questions how Mr. Endrick knows what was said if he did not speak with Appellant about it.

The court did allow Mr. Endrick to be sworn and give some limited testimony. Mr. Endrick stated he was twenty-three (23) years old and in state prison for robbery, receiving stolen property as well as tampering with evidence.[15] Mr. Endrick testified he did not ask Appellant any of the details as to why he was there, that Appellant only said [two of the victims' names], and Appellant provided his attorney's information upon request. Mr. Endrick also testified that Appellant did not ask him why Mr. Endrick wanted his attorney's information. Mr. Endrick's letter and the limited testimony he was permitted to give does not have the ring of truth. Further, the court finds the testimony Appellant sought to present, Mr. Endrick's letter, as well as the testimony that was presented under oath, not credible.

[15] The robbery and receiving stolen property crimes are *crimen falsi*.

PCO at 9-10 (some footnoted citations to the record and unnecessary capitalization omitted).

It is well-settled an appellate court is "bound by any credibility determinations made by the PCRA court where they are supported by the record." ***Commonwealth v. Staton***, 184 A.3d 949, 954 (Pa. 2018) (citation omitted); ***see also Commonwealth v. Spotz***, 84 A.3d 294, 319 (Pa. 2014) ("[W]e must defer to the PCRA court's findings of fact and credibility determinations, which are supported by the record.") (citing ***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009) ("The findings of a post-conviction court, which hears evidence and passes on the credibility of witnesses, should be given great deference.")). Here, the record supports the PCRA court's credibility determinations regarding Mr. Endrick's statement; thus, we are bound by its decision his statement is incredible. Because the PCRA court concluded Mr. Endrick's statement is not credible, Appellant has failed to prove the absence of Mr. Endrick's testimony was prejudicial on this basis, as well. ***Washington***, ***supra***. As Appellant has not demonstrated his trial counsel was ineffective for not calling Mr. Endrick as a witness, he has also failed to establish Attorney Thomas acted ineffectively by not raising this trial-counsel-ineffectiveness claim. Thus, his first issue is meritless.

In Appellant's second issue, he argues the PCRA court erred by "ruling the testimony of [Mr.] Endrick inadmissible as hearsay during the PCRA hearing when it was not offered for the truth of the matter asserted but to

establish the scope and tenor of the proposed testimony at a possible retrial."

Appellant's Brief at 25. Appellant continues:

> The PCRA court erred when it stopped Mr. Endrick from testifying because some of the information may have been precluded by an objection, but when the majority of his proposed testimony was outside the scope of hearsay (as a non-assertion), and when the proposed testimony was potentially confronting a declarant who was actually within the court at trial, then evidence would have been admissible. Where it was not admissible, the PCRA court was presumed to be capable of disregarding it. The PCRA court erred when it focused more on determining the allowability of the evidence in a potential theoretical trial than it did on the validity of the claim of the PCRA.

*Id.* at 25-26.

Appellant's argument is meritless. For the reasons stated *supra*, Mr. Endrick's testimony is inadmissible hearsay. Moreover, Appellant is requesting the relief of a new trial premised on Mr. Endrick's testimony. Consequently, the PCRA court properly assessed the admissibility of this "evidence in a potential theoretical trial…." *Id.* at 26. No relief is due.

Finally, in Appellant's third issue, he argues the PCRA court erred in dismissing his petition, reiterating his arguments that Attorney Thomas was ineffective, and "the testimony of Mr. Endrick falls outside of the definition of hearsay[] because it is not assertions, but inquiries…." *Id.* at 28. These claims are meritless for the reasons set forth *supra*. Additionally, Appellant contends the PCRA court erred because "Mr. Endrick was not permitted to fully testify, so credibility determinations could not be made." *Id.* at 27. The record belies this claim. The court heard Mr. Endrick's testimony, until he

began to offer inadmissible hearsay. The court considered the statements set forth in Mr. Endrick's letter to Attorney Norcini. This record was sufficient for the court to make credibility determinations regarding Mr. Endrick's allegations, and the record fully supports the court's decision that his statements were incredible. Appellant's final issue warrants no relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/7/2026